STATE OF NEBRASKA, APPELLEE, V. CHRIS CAMPBELL,
APPELLANT.

527 N.W.2d 868

Filed March 3, 1995. No. S-94-404.

Mark M. Sipple, of Sipple, Hansen, Emerson & Schumacher, for appellant.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ., and BOSLAUGH, J., Retired.

CONNOLLY, J.

Chris Campbell appeals the Madison County District Court's order requiring Campbell to pay restitution as part of his

sentence on a conviction of theft by receiving stolen property. We vacate the district court's order of restitution because the restitution hearing held by the district court was untimely under Neb. Rev. Stat. § 29–2281 (Reissue 1989).

## FACTUAL BACKGROUND

Chris Campbell and another individual were involved in a break–in at Fashions Plus in Norfolk on or about March 3, 1992. Campbell was subsequently arrested and pled guilty to theft by receiving stolen property. He was sentenced by the Madison County District Court to 1 year's imprisonment in the state penal complex and was ordered to make restitution to Fashions Plus, within 2 years from the date of his final discharge, for "the actual loss" sustained by the store. At the time of sentencing, the district court stated that it would determine the amount of restitution at a hearing to be held prior to Campbell's release from incarceration.

Campbell served his 1–year prison sentence and was released from confinement on May 24, 1993. A restitution hearing was scheduled for December 23, 1993, but did not take place until February 25, 1994. Campbell objected to the restitution proceedings for the first time at the February hearing on the grounds that the hearing was untimely. The district court overruled the objection, finding that the delay caused no prejudice to either party.

At the conclusion of the hearing, the district court ordered Campbell to make restitution to Fashions Plus' insurer, United Fire and Casualty Insurance Company, in the sum of $7,018.78 and to Fashions Plus in the sum of $250. Campbell filed a motion for new trial, which the district court denied.

## ASSIGNMENTS OF ERROR

Campbell contends that the district court erred in (1) ordering Campbell to pay restitution for physical damage done to the premises occupied by Fashions Plus, (2) requiring Campbell to pay restitution in the sum of $7,268.78, (3) failing to give Campbell full credit for the merchandise recovered and returned to Fashions Plus, (4) allowing an insurance adjuster to testify concerning the value of the items taken from Fashions Plus, and (5) failing to grant Campbell's motion for new trial.

## STANDARD OF REVIEW

A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. *State v. Secret*, 246 Neb. 1002, 524 N.W.2d 551 (1994); *State v. Martin*, 246 Neb. 896, 524 N.W.2d 58 (1994); *State v. Wragge*, 246 Neb. 864, 524 N.W.2d 54 (1994).

## ANALYSIS

In his appellate brief, Campbell argues that the restitution hearing in the case at bar was untimely because it did not conform to the sentence pronounced in the district court's journal entry filed December 8, 1992. In that journal entry, the district court stated that the amount of restitution would be determined pursuant to a hearing prior to Campbell's release from incarceration. It is uncontested that the restitution hearing in the case at bar took place several months after Campbell's release from the state penal complex.

Though Campbell argued in his appellate brief that the hearing was untimely, he did not assign the untimeliness of the hearing as an error in his assignments of error. An appellate court does not consider errors which are argued but not assigned. *State v. Carter*, 246 Neb. 953, 524 N.W.2d 763 (1994). Furthermore, as noted by the State, Campbell did not object to the delay in the restitution hearing at the time of sentencing. Rather, he waited until the hearing took place. Thus, the State argues that Campbell has waived this issue on appeal and contends we should not consider Campbell's argument regarding the untimeliness of the restitution hearing.

We find, however, that the untimeliness of the restitution hearing constituted plain error. An appellate court always reserves the right to note plain error which was not complained of at trial or on appeal. *State v. Secret, supra*; *State v. Martin, supra*; *State v. Ladig*, 246 Neb. 542, 519 N.W.2d 561 (1994). Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *State v. Wragge, supra*; *State v. Dawn*, 246 Neb. 384, 519 N.W.2d 249 (1994).

Our finding that the untimeliness of the restitution hearing in

the case at bar constituted plain error is mandated by the language of § 29-2281:

> *To determine the amount of restitution, the court may hold a hearing at the time of sentencing.* The amount of restitution shall be based on the actual damages sustained by the victim and shall be supported by evidence which shall become a part of the court record. . . . The court may order that restitution be made immediately, in specified installments, or within a specified period of time, not to exceed five years after the date of judgment or defendant's final release date from imprisonment, whichever is later.

(Emphasis supplied.)

The controlling language in the case at bar is the above emphasized sentence of § 29-2281. In that sentence, we read the discretionary word "may" as applying exclusively to the phrase "hold a hearing." Thus, the statute permits the sentencing court to conduct a discretionary hearing to determine the amount of restitution. However, the discretionary word "may" does not apply beyond the phrase "hold a hearing." In other words, we read § 29-2281 as stating that the sentencing court may hold a restitution hearing, but if does so, the hearing *must* be held at the time of sentencing.

If we were to read the discretionary word "may" as controlling the entire first sentence of § 29-2281, the effect would be to make the phrase "at the time of sentencing" meaningless. If the Legislature wanted the sentencing court to freely choose when the restitution hearing could take place, it could have written § 29-2281 to read, "To determine the amount of restitution, the court may hold a hearing at the time of sentencing or any other time." Alternatively, the Legislature could have left the time limitation out of the statute, so that it would simply read, "To determine the amount of restitution, the court may hold a hearing."

In construing a statute, a court must attempt to give effect to all of its parts, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless; it is not within the province of the court to read anything plain, direct,

and unambiguous out of the statute. *State v. Joubert*, 246 Neb. 287, 518 N.W.2d 887 (1994). The only reading of § 29-2281 which gives meaning to all of its words requires that, if the sentencing court decides that a hearing is necessary to determine the amount of restitution, that hearing must be held at the time of sentencing. Since Campbell's restitution hearing did not take place at the time of sentencing, the hearing was untimely and unauthorized under the statute.

One of the circumstances which renders a sentence void is that the court lacked a legal basis to impose it. *Berumen v. Casady*, 245 Neb. 936, 515 N.W.2d 816 (1994). A void sentence is no sentence. *Id.*; *State v. Wren*, 234 Neb. 291, 450 N.W.2d 684 (1990). The district court in the instant case had no legal basis for holding the February 1994 restitution hearing. Thus, the portion of Campbell's sentence which required him to make restitution to Fashions Plus is a nullity and cannot be enforced.

Our decision vacating that portion of Campbell's sentence requiring restitution is necessary to avoid the complications which can arise when a court delays its determination as to the amount of restitution until after sentencing. In a criminal case, the judgment is the sentence. *State v. Schrein, ante* p. 256, 526 N.W.2d 420 (1995); *State v. McDowell*, 246 Neb. 692, 522 N.W.2d 738 (1994); *Berumen v. Casady, supra*. Once the district court renders judgment, appeal may be taken to the Nebraska appellate courts. See Neb. Rev. Stat. § 25-1911 (Cum. Supp. 1994). Thus, when the district court announces a sentence which includes an order of restitution, but postpones determining the amount of restitution, the defendant can, before the district court decides the amount of restitution, perfect an appeal. Since a district court is divested of subject matter jurisdiction over a particular case when an appeal of that case is perfected to an appellate court, see *State v. Beverlin*, 244 Neb. 615, 508 N.W.2d 271 (1993), the district court would be without jurisdiction to enter an order of restitution. Section 29-2281 forces the district court to avoid this jurisdictional pitfall by requiring the district court to hold its discretionary restitution hearing at the time of sentencing.

## CONCLUSION

At oral argument in the case at bar, the State conceded that the district court did not comply with the requirements of § 29-2281. Since the district court determined the amount of restitution in an untimely manner under this statute, the district court had no legal authority to impose the restitution sentence. The district court's failure to hold the restitution hearing in a timely fashion in the instant case constituted plain error.

SENTENCE OF RESTITUTION VACATED.