STATE OF NEBRASKA, APPELLEE, V. ANITA K. BENSING, APPELLANT.

547 N.W.2d 464

Filed April 19, 1996. No. S-95-904.

Thomas L. Spinar, Saline County Public Defender, for appellant.

Don Stenberg, Attorney General, and Joseph P. Loudon for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

FAHRNBRUCH, J.

Anita K. Bensing was convicted of knowingly or intentionally possessing more than 1 pound of marijuana and possessing marijuana as a dealer without a tax stamp being affixed to it. She was sentenced to not less than 30 months' imprisonment on the possession charge and not less than 12 months' imprisonment on the tax charge, the sentences to run concurrently with each other and consecutively to any other sentence Bensing was then serving.

Bensing appealed her sentences to the Nebraska Court of Appeals, claiming they were excessive. The State petitioned to bypass the Court of Appeals, and we granted the State's petition.

We find plain error in the record because Bensing's sentences are not sufficiently certain as to precise terms of incarceration. Therefore, we reverse her sentences and remand the matter for resentencing.

## ASSIGNMENTS OF ERROR

Restated and summarized, errors assigned by Bensing are that the trial court abused its discretion by imposing excessive

sentences and not placing Bensing on intensive supervised probation.

## STANDARD OF REVIEW

A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. *State v. Kunath*, 248 Neb. 1010, 540 N.W.2d 587 (1995). An abuse of discretion takes place when the sentencing court's reasons or rulings are untenable and unfairly deprive the defendant of a substantial right and a just result. *State v. Ladig*, 248 Neb. 737, 539 N.W.2d 38 (1995).

## FACTS

On November 21, 1994, Bensing was charged by information with (1) unlawfully and knowingly or intentionally manufacturing, distributing, delivering, or dispensing a controlled substance, in violation of Neb. Rev. Stat. § 28-416(1)(a) (Cum. Supp. 1994); (2) knowingly or intentionally possessing more than 1 pound of marijuana, in violation of § 28-416(10); and (3) being a dealer possessing a controlled substance without a tax stamp, in violation of Neb. Rev. Stat. § 77-4309 (Cum. Supp. 1994).

On March 9, 1995, the trial court dismissed without prejudice count I of the information, which alleged unlawful manufacture, distribution, delivery, or dispensing of a controlled substance. On that same day, Bensing pled guilty to knowingly or intentionally possessing more than 1 pound of marijuana and being a dealer in possession of a controlled substance without a tax stamp. See Neb. Rev. Stat. § 77-4301(2) (Cum. Supp. 1994) and §§ 77-4309 and 28-416(10). Each offense to which Bensing pled guilty is a Class IV felony, carrying a penalty of up to 5 years' imprisonment, up to a $10,000 fine, or both. Neb. Rev. Stat. § 28-105 (Reissue 1989). The trial court accepted the guilty pleas and sentenced Bensing to not less than 30 months for possession of 1 pound or more of marijuana and not less than 12 months for possession of a controlled substance without a tax stamp, the sentences to be served concurrently with each other, but consecutively with all other sentences.

## ANALYSIS

Bensing argues that the sentences imposed upon her are excessive. In reviewing her sentences, we note plain error in that her sentences are not sufficiently certain as to the terms of incarceration. Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would cause a miscarriage of justice or damage the integrity, reputation, or fairness of the judicial process. *State v. Clausen*, 247 Neb. 309, 527 N.W.2d 609 (1995).

A sentence of imprisonment should be sufficiently certain so that in and of itself it advises the accused and those charged with its execution of its duration. *State v. Jurgens*, 187 Neb. 557, 192 N.W.2d 741 (1971), *overruled on other grounds, State v. Texel*, 230 Neb. 810, 433 N.W.2d 541 (1989). In imposing sentence, the court should state with care the precise terms of the sentence which is imposed. *State v. Salyers*, 239 Neb. 1002, 480 N.W.2d 173 (1992).

The trial court sentenced Bensing *to not less than 30 months* for possession of 1 pound or more of marijuana and *not less than 12 months* for possession of a controlled substance without a tax stamp, the sentences to be served concurrently. Bensing's sentences provide no guidance as to the maximum duration of each sentence.

The State claims that the trial court issued determinate sentences. We disagree; the trial court did not sentence Bensing to fixed terms. Rather, the language of the trial court sentences merely specifies minimum durations of 30 months and 12 months for two Class IV felony convictions. These minimum durations are within the statutory limits of § 28–105. However, the sentences do not specify for how long Bensing may be imprisoned for either conviction and, thus, violate the statutory limits. One of the circumstances which renders a sentence void is that the court lacked a legal basis to impose it. *State v. Campbell*, 247 Neb. 517, 527 N.W.2d 868 (1995). A void sentence is no sentence. *Id.*

## CONCLUSION

By sentencing Bensing to indefinite sentences of not less than 30 months and not less than 12 months, the trial court committed plain error and abused its discretion. We reverse Bensing's sentences and remand the cause for resentencing.

REVERSED AND REMANDED FOR RESENTENCING.