STATE OF NEBRASKA, APPELLANT, V.
CYNTHIA J. CANIGLIA, APPELLEE.
714 N.W.2d 462

Filed May 2, 2006.    No. A-05-069.

L. Kenneth Polikov, Sarpy County Attorney, and Tricia A. Freeman for appellant.

Thomas P. Strigenz, Sarpy County Public Defender, and Patrick J. Boylan for appellee.

CARLSON, MOORE, and CASSEL, Judges.

MOORE, Judge.

## INTRODUCTION

The State of Nebraska appeals from the order of the district court for Sarpy County which terminated the probation of Cynthia J. Caniglia as unsuccessful. Because we find that the termination of probation resulted in an excessively lenient sentence, we vacate the new sentence imposed by the district court upon termination of Caniglia's probation and remand the cause with instructions for a different judge to impose a greater sentence.

## BACKGROUND

Caniglia was convicted in the Sarpy County District Court of driving under the influence of alcohol (DUI), fourth offense, a Class IV felony punishable by a maximum of 5 years' imprisonment, a $10,000 fine, or both. Caniglia was driving on a suspended driver's license at the time of her January 29, 2003, offense. We note that Caniglia was also convicted of fourth-offense DUI in the Douglas County District Court and sentenced by that court on July 30, 2003, to 60 months' intensive supervision probation (ISP). The charges in that case stemmed from Caniglia's DUI arrest in Douglas County 8 days prior to her DUI arrest in the present Sarpy County case.

On August 1, 2003, the Sarpy County District Court sentenced Caniglia to 18 months' probation. In sentencing Caniglia, the court stated:

> While you were at [a treatment center] last January you went on a binge and committed offenses in two counties of driving while intoxicated. You were arrested, you then went back to [the treatment center] and appear to be doing okay

there. I have read a copy of the sentence by [the Douglas County District Court] which gives you probation under intensive supervision. I'm going to place you on probation also, not under intensive supervision, to run concurrently with your current probation so there won't be duplication. I have not ordered certain of the costs for running the probation since it would be a duplication.

When you complete your time at [the treatment center], you're going to need to get a job. The Court notes you had a job for about 20 years that you kept. You're going to have to get one when you get out. You got a lot of fines and costs to pay both here and in Douglas County. There's other terms. I'm requiring that you attend two Mothers Against Drunk Driving Panels and several other conditions that are not in your supervised probation.

I have a copy of the probation order in this case for you, but also a copy of what I was going to do before I had heard that you were sentenced by [the Douglas County District Court] which included some time in jail but I won't impose that. I have a copy for you and counsel.

No appeal was taken from Caniglia's conviction and sentence in Sarpy County.

The record shows that on November 19, 2004, the Douglas County District Court entered an order terminating Caniglia from probation in the Douglas County case upon finding that Caniglia had not satisfactorily completed one of the conditions of her ISP, namely that she refrain from the use or possession of alcohol. Also on November 19, the court entered an order sentencing Caniglia to 15 days' jail time, with credit for 18 days served, and revoking Caniglia's driver's license for a period of 15 years.

On December 3, 2004, the State filed a motion to revoke probation in the Sarpy County case, alleging that Caniglia had violated one of the conditions of her probation, namely that she refrain from the use of alcoholic beverages. A hearing on the motion was held on December 27, at which hearing Caniglia admitted the allegations of the motion. The district court found a sufficient factual basis to support Caniglia's admission, and it continued the hearing to January 7, 2005. We note that during the December 27, 2004, hearing, the parties discussed with the court

the disposition of Caniglia's probation violation in the Douglas County case.

At the January 7, 2005, hearing, the Sarpy County District Court terminated Caniglia's probation as unsuccessful, without specifically ruling on the motion to revoke probation. The parties and the court again discussed the disposition of the Douglas County case, including the fact that Caniglia's driver's license had been revoked for 15 years. The court engaged Caniglia in the following dialog:

> THE COURT: You were on probation up in Omaha first, then I put you on probation. Then you violated that probation and then you were — How much time did you spend in jail on that?
>
> [Caniglia]: 18 days in Omaha.
>
> THE COURT: And you've been in jail here since you were picked up on the —
>
> [Caniglia]: The 16th.
>
> THE COURT: Okay.
>
> I'm terminating your probation as unsuccessful. You'll be processed out today and you need to stick with your program. If you drive, it's a felony, you'll go to jail for a long time.

Pursuant to Neb. Rev. Stat. § 29-2320 (Cum. Supp. 2004), the State has appealed from the January 7, 2005, order of the Sarpy County District Court terminating Caniglia's probation as un- successful.

## ASSIGNMENT OF ERROR

The State asserts that the district court abused its discretion and imposed an excessively lenient sentence when it terminated the probation as unsuccessful.

## STANDARD OF REVIEW

Whether an appellate court is reviewing a sentence for its leniency or its excessiveness, a sentence imposed by a district court that is within the statutorily prescribed limits will not be disturbed on appeal unless there appears to be an abuse of the trial court's discretion. *State v. Rice*, 269 Neb. 717, 695 N.W.2d 418 (2005). A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly

depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *Id.*

■ The question of jurisdiction is a question of law, upon which an appellate court reaches a conclusion independent of the trial court. *Gabel v. Polk Cty. Bd. of Comrs.*, 269 Neb. 714, 695 N.W.2d 433 (2005).

## ANALYSIS

*Jurisdiction.*

■ Before reaching the legal issues presented for review, it is the duty of an appellate court to settle jurisdictional issues. *New Tek Mfg. v. Beehner*, 270 Neb. 264, 702 N.W.2d 336 (2005). Pursuant to § 29-2320, the State appealed from the district court's order terminating Caniglia's probation as unsuccessful. Section 29-2320 allows appeals by the prosecuting attorney from a felony sentence "if such attorney reasonably believes, based on all of the facts and circumstances of the particular case, that the sentence is excessively lenient." The jurisdictional question present in this case stems from the fact that the appeal is not from the initial sentencing order—the August 1, 2003, order of probation—but, rather, is from the January 7, 2005, order terminating Caniglia's probation. The sentencing order of August 1, 2003, was not appealed, and clearly, the State cannot now assert that the original sentence of probation was excessively lenient. See Neb. Rev. Stat. § 29-2321 (Cum. Supp. 2004) (appeal must be filed by prosecuting attorney within 20 days of imposition of sentence). Although the district court did not technically impose a sentence on January 7, 2005, the court's termination of Caniglia's sentence of probation as unsuccessful is the practical equivalent of revoking probation and imposing a new sentence of no imprisonment or fine under the original charge. See Neb. Rev. Stat. § 29-2268 (Reissue 1995). In other words, the new sentence is zero incarceration, no fine, and no license revocation.

Under the circumstances of this case, we conclude that the district court's order of January 7, 2005, is a sentencing order from which the prosecuting attorney may appeal under § 29-2320.

*Excessively Lenient Sentence.*

The State asserts that the district court abused its discretion and imposed an excessively lenient sentence when it terminated

the probation as unsuccessful. Caniglia was convicted of DUI, fourth offense, a Class IV felony punishable by a maximum of 5 years' imprisonment, a $10,000 fine, or both. Neb. Rev. Stat. §§ 60-6,196 (Cum. Supp. 2002) and 28-105 (Cum. Supp. 2004).

■ When the State challenges a sentence as excessively lenient, the appellate court should consider (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed (a) to afford adequate deterrence to criminal conduct, (b) to protect the public from further crimes of the defendant, (c) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and (4) any other matters appearing in the record which the appellate court deems pertinent. *State v. Rice*, 269 Neb. 717, 695 N.W.2d 418 (2005). See Neb. Rev. Stat. § 29-2322 (Reissue 1995).

■ A sentencing court is not limited in its discretion to any mathematically applied set of factors. *State v. Rice, supra.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.* But there also must be some reasonable factual basis for imposing a particular sentence. *Id.*

Caniglia has a history of alcohol-related offenses, with the present offense being her fifth DUI arrest. Caniglia's first DUI arrest occurred on August 5, 1991, for which she received a $150 fine and 6 months of probation. Caniglia was arrested for negligent driving on May 13, 1993, and received a $100 fine. Caniglia's second DUI offense occurred on July 24, 1995, for which she received a $200 fine and 24 months of probation. On April 15, 1999, Caniglia was arrested a third time for DUI, which offense was amended to a second-offense DUI. Caniglia was fined $500 and sentenced to 90 days in jail. On January 21, 2003, Caniglia was arrested in Douglas County for DUI, fourth offense. As noted previously, Caniglia received 60 months of ISP, which was terminated on November 19, 2004, as unsatisfactory. On January 29, 2003, 8 days after her Douglas County arrest,

Caniglia was arrested for the present Sarpy County DUI offense after performing poorly on several field sobriety tests and being given a preliminary breath test. Ultimately, a test of her breath registered .238 grams of alcohol per 210 liters of breath.

Caniglia was 45 years old at the time of the present offense and had a high school education, plus some business college courses. Caniglia was essentially unemployed at the time of the presentence report (PSR) in this case, dated July 25, 2003, due to being a resident in a substance abuse treatment center. Caniglia became employed again in March 2004, but she was fired from that job in November after being jailed for the Douglas County probation violation. Caniglia reported no major hospitalizations or illnesses in the 5 years prior to the PSR but stated that she was on medication for chronic depression.

Caniglia described her parents as recovering alcoholics and her sister as a practicing alcoholic. Caniglia is engaged to a recovering alcoholic. Caniglia first tried alcohol at age 17 and began drinking on a regular basis at age 23 or 24. Caniglia is a self-described alcoholic who consumed 2 pints to a fifth of vodka every day at the height of her addiction. Caniglia previously received inpatient substance abuse treatment in 1988, 1995, and 1998. Caniglia entered residential treatment again in September 2002, but she left early in January 2003 without approval from the staff and was shortly thereafter arrested for the Douglas County offense and the present Sarpy County offense. Caniglia returned to residential treatment in May 2003 and was still there at the time the PSR was compiled in July. Her counselor reported that upon reentering treatment, Caniglia seemed different—more focused on treatment and more involved in her program. Caniglia apparently graduated from the treatment center in May 2004, prior to the relapse that led to her current probation violation.

Caniglia completed a "Driver's Risk Inventory" on June 24, 2003. Caniglia scored in the maximum problem range for alcohol, driver risk, drugs, and stress coping. Caniglia's cumulative point total on the "Automated Offender Selection Worksheet" placed her within the ISP target population. The probation officer who completed the July 25, 2003, PSR made no recommendation

regarding sentencing but did recommend certain conditions in the event probation was granted.

Caniglia's initial August 1, 2003, sentencing order of probation required, among other things, that Caniglia refrain from the use or possession of alcoholic beverages and all use or possession of controlled substances unless prescribed by a physician. According to the factual basis for Caniglia's admission of a probation violation, provided at the December 27, 2004, revocation hearing, Caniglia "had missed work on a couple of days and admitted drinking alcohol on those days, among some other days." Police officers checked with Caniglia at her residence and determined that at least twice she had tested positive for the consumption of alcohol, in violation of probation.

A probation officer submitted a letter to the court just prior to the January 7, 2005, hearing. In this letter, dated January 5, 2005, the probation officer commented as follows:

> It is apparent . . . Caniglia is no longer a suitable candidate to remain on probation due to her non-compliance thus far. . . . Caniglia did refuse help and guidance after having it offered from the supervising probation officer in Douglas County. . . . Caniglia received a big break from the Douglas County Courts with only serving 18 days in jail for a Fourth Offense, DUI. It is this officer[']s opinion that . . . Caniglia needs to be held accountable to the fullest standard on her Sarpy County docket and sentenced to the Women's Penal Complex in York, NE as outlined in the statutes. This would enable . . . Caniglia to be able to participate in their substance abuse unit for her to get the help she needs. . . . Caniglia is unwilling to go back to a residential setting to receive the treatment she needs for her alcohol problem. Outside of this, this officer is making no recommendations in regards to sentencing of . . . Caniglia.

As stated above, in its order of January 7, 2005, the Sarpy County District Court essentially imposed a new sentence of zero incarceration, no fine, and no license revocation. It is also clear that the court, in referring to the Douglas County proceedings, essentially determined that it was of no benefit to impose an identical sentence in this case. However, given Caniglia's repeated pattern of alcohol-related offenses, the new sentence

imposed by the district court does not adequately reflect the seriousness of the offense, promote respect for the law, or provide just punishment. Caniglia clearly needs additional help in overcoming her alcohol abuse problem, but she is unwilling to receive further treatment in a residential setting. Caniglia has not been deterred from drinking and driving in the past by either probation or license suspension. There is nothing in the record to suggest that such measures are likely to succeed now. Caniglia has continued to relapse into alcohol abuse and to drink and drive, despite having obtained treatment on a number of occasions, having been fined and placed on probation, and having had her license suspended. We conclude that the new sentence imposed by the district court is excessively lenient.

## CONCLUSION

Pursuant to Neb. Rev. Stat. § 29-2323(1) (Reissue 1995), we vacate the new sentence imposed by the district court and remand the cause to the district court with instructions to impose a greater sentence. The sentence should be imposed by a different district court judge than the original sentencing judge.

SENTENCE VACATED, AND CAUSE
REMANDED FOR RESENTENCING.