STATE OF NEBRASKA, APPELLANT, V.
CYNTHIA J. CANIGLIA, APPELLEE.
724 N.W.2d 316

Filed December 8, 2006.    No. S-05-069.

L. Kenneth Polikov, Sarpy County Attorney, and Tricia A. Freeman for appellant.

Thomas P. Strigenz, Sarpy County Public Defender, and Patrick J. Boylan for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.
NATURE OF CASE
After Cynthia J. Caniglia, appellee, admitted that she had violated the terms of her probation, the district court for Sarpy County entered an order on January 7, 2005, providing that "the probation be terminated as unsuccessful." The State filed an appeal, relying on Neb. Rev. Stat. § 29-2320 (Cum. Supp. 2004) as the basis for jurisdiction. Section 29-2320 allows the State to appeal in a criminal case when it believes that a sentence is excessively lenient. The Nebraska Court of Appeals concluded that it had jurisdiction pursuant to § 29-2320, found that the district court had imposed an excessively lenient sentence, and vacated the sentence and remanded the cause with instructions

for a different judge to impose a greater sentence. *State v. Caniglia*, 14 Neb. App. 714, 714 N.W.2d 462 (2006). Caniglia petitioned for further review challenging the jurisdiction of the Court of Appeals. We granted the petition for further review. Because we conclude that the Court of Appeals did not have jurisdiction, we vacate the judgment of the Court of Appeals and enter orders accordingly.

## STATEMENT OF FACTS

The Court of Appeals described the facts of this case as follows:

> Caniglia was convicted in the Sarpy County District Court of driving under the influence of alcohol (DUI), fourth offense, a Class IV felony punishable by a maximum of 5 years' imprisonment, a $10,000 fine, or both. Caniglia was driving on a suspended driver's license at the time of her January 29, 2003, offense. We note that Caniglia was also convicted of fourth-offense DUI in the Douglas County District Court and sentenced by that court on July 30, 2003, to 60 months' intensive supervision probation (ISP). The charges in that case stemmed from Caniglia's DUI arrest in Douglas County 8 days prior to her DUI arrest in the present Sarpy County case.
>
> On August 1, 2003, the Sarpy County District Court sentenced Caniglia to 18 months' probation. In sentencing Caniglia, the court stated: "While you were at [a treatment center] last January you went on a binge and committed offenses in two counties of driving while intoxicated. You were arrested, you then went back to [the treatment center] and appear to be doing okay there. I have read a copy of the sentence by [the Douglas County District Court] which gives you probation under intensive supervision. I'm going to place you on probation also, not under intensive supervision, to run concurrently with your current probation so there won't be duplication. I have not ordered certain of the costs for running the probation since it would be a duplication. When you complete your time at [the treatment center], you're going to need to get a job. The Court notes you had a job for about 20 years that you kept. You're going

to have to get one when you get out. You got a lot of fines and costs to pay both here and in Douglas County. There's other terms. I'm requiring that you attend two Mothers Against Drunk Driving Panels and several other conditions that are not in your supervised probation. I have a copy of the probation order in this case for you, but also a copy of what I was going to do before I had heard that you were sentenced by [the Douglas County District Court] which included some time in jail but I won't impose that. I have a copy for you and counsel." No appeal was taken from Caniglia's conviction and sentence in Sarpy County.

The record shows that on November 19, 2004, the Douglas County District Court entered an order terminating Caniglia from probation in the Douglas County case upon finding that Caniglia had not satisfactorily completed one of the conditions of her ISP, namely that she refrain from the use or possession of alcohol. Also on November 19, the court entered an order sentencing Caniglia to 15 days' jail time, with credit for 18 days served, and revoking Caniglia's driver's license for a period of 15 years.

On December 3, 2004, the State filed a motion to revoke probation in the Sarpy County case, alleging that Caniglia had violated one of the conditions of her probation, namely that she refrain from the use of alcoholic beverages. A hearing on the motion was held on December 27, at which hearing Caniglia admitted the allegations of the motion. The district court found a sufficient factual basis to support Caniglia's admission, and it continued the hearing to January 7, 2005. We note that during the December 27, 2004, hearing, the parties discussed with the court the disposition of Caniglia's probation violation in the Douglas County case.

At the January 7, 2005, hearing, the Sarpy County District Court terminated Caniglia's probation as unsuccessful, without specifically ruling on the motion to revoke probation. The parties and the court again discussed the disposition of the Douglas County case, including the fact that Caniglia's driver's license had been revoked for 15 years. The court engaged Caniglia in the following dialog:

"THE COURT: You were on probation up in Omaha first, then I put you on probation. Then you violated that probation and then you were — How much time did you spend in jail on that? [Caniglia]: 18 days in Omaha. THE COURT: And you've been in jail here since you were picked up on the — [Caniglia]: The 16th. THE COURT: Okay. I'm terminating your probation as unsuccessful. You'll be processed out today and you need to stick with your program. If you drive, it's a felony, you'll go to jail for a long time."

*State v. Caniglia*, 14 Neb. App. 714, 715-17, 714 N.W.2d 462, 464-65 (2006).

Following the above-quoted dialog, the Sarpy County District Court entered a written order dated January 7, 2005, in which it stated its finding that "it would be in the best interests of justice that the probation be terminated as unsuccessful." On January 13, the State filed a notice of appeal stating its intent to appeal the January 7 order of the Sarpy County District Court terminating Caniglia's probation as an order imposing an excessively lenient sentence. The State purported to appeal under § 29-2320.

In its published opinion, the Court of Appeals determined that the State could appeal the district court's January 7, 2005, order terminating Caniglia's probation under § 29-2320. The Court of Appeals concluded:

Although the district court did not technically impose a sentence on January 7, 2005, the court's termination of Caniglia's sentence of probation . . . is the practical equivalent of revoking probation and imposing a new sentence of no imprisonment or fine under the original charge. . . . In other words, the new sentence is zero incarceration, no fine, and no license revocation.

*State v. Caniglia*, 14 Neb. App. at 718, 714 N.W.2d at 466.

After concluding that the January 7, 2005, order was a sentencing order over which it had jurisdiction, the Court of Appeals evaluated the sentence it had determined was imposed and found such sentence to be excessively lenient. The Court of Appeals vacated the sentence and remanded the cause to the district court with instructions that a different district court judge impose a greater sentence.

Caniglia filed a petition for further review. We granted Caniglia's petition for further review.

## ASSIGNMENT OF ERROR

Caniglia asserts on further review that the Court of Appeals erred in concluding that it had jurisdiction over this appeal filed by the State under § 29-2320.

## STANDARD OF REVIEW

■ A jurisdictional question that does not involve a factual dispute is a matter of law that requires an appellate court to reach an independent conclusion irrespective of the determination made by the court below. *Smeal Fire Apparatus Co. v. Kreikemeier*, 271 Neb. 616, 715 N.W.2d 134 (2006).

## ANALYSIS

Caniglia claims that no sentence was imposed by the district court for Sarpy County on January 7, 2005, and that, therefore, there was no sentencing order which the State could challenge as excessively lenient under § 29-2320. Caniglia asserts on further review that because there was no sentence, the Court of Appeals erred when it concluded that it had jurisdiction and considered the State's appeal. We agree with Caniglia.

■ It is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *State v. Vela, ante* p. 287, 721 N.W.2d 631 (2006). In the instant case, the State claims that appellate jurisdiction is premised on § 29-2320. Section 29-2320 provides as follows:

> Whenever a defendant is found guilty of a felony following a trial or the entry of a plea of guilty or tendering a plea of nolo contendere, the prosecuting attorney charged with the prosecution of such defendant may appeal the sentence imposed if such attorney reasonably believes, based on all of the facts and circumstances of the particular case, that the sentence is excessively lenient.

■ We give the phrase "may appeal the sentence imposed" in § 29-2320 its plain meaning and therefore require that a sentence be imposed in order for the prosecuting attorney to appeal under § 29-2320. The requirement that a sentence be imposed extends to the probation violation context. In this regard, we

note that we have treated sentencing orders made in revocation of probation proceedings as sentences from which an appeal may be taken by a criminal defendant, e.g., *State v. Finnegan,* 232 Neb. 75, 439 N.W.2d 496 (1989), and given the statutory authority of § 29-2320 permitting the State to appeal, it logically follows that a sentence imposed in the context of a probation violation proceeding is a sentence from which the prosecuting attorney may appeal under § 29-2320. Accordingly, we conclude that a sentence imposed in a revocation of probation proceeding will be considered a sentence under § 29-2320 and is subject to an appeal by the prosecutor challenging its leniency.

In the instant case, a probation violation proceeding was conducted in the district court for Sarpy County. The initial issue before the district court was whether Caniglia violated a condition of her probation. She admitted as much, and the district court found a violation. Having found a violation, the district court proceeded under Neb. Rev. Stat. § 29-2268 (Reissue 1995), which provides as follows:

> (1) If the court finds that the probationer did violate a condition of his probation, it may revoke the probation and impose on the offender such new sentence as might have been imposed originally for the crime of which he was convicted.

> (2) If the court finds that the probationer did violate a condition of his probation, but is of the opinion that revocation of probation is not appropriate, the court may order that:

> (a) The probationer receive a reprimand and a warning;

> (b) Probation supervision and reporting be intensified;

> (c) The probationer be required to conform to one or more additional conditions of probation which may be imposed in accordance with the provisions of sections 29-2246 to 29-2268; and

> (d) The probationer's term of probation be extended, subject to the provisions of section 29-2263.

Given the violation, under § 29-2268, the district court was authorized to revoke probation and impose a sentence, to reprimand and warn the probationer, to intensify supervision, to

impose additional terms of probation, or to extend the term of probation. The district court did none of the above. Instead, the district court ordered the probation "terminated as unsuccessful." This was neither an authorized order nor a sentence.

We have observed that a violation of probation is not itself a crime, but that § 29-2268(1) merely provides a mechanism whereby the previous probation is revoked and the court may impose a new sentence. *State v. Wragge*, 246 Neb. 864, 524 N.W.2d 54 (1994). Alternatively, the court can find a violation and not revoke probation and instead order the probationer to comply with one of the orders indicated in § 29-2268(2). The district court in this case found a violation of probation but failed to follow the statutory mechanism found in § 29-2268 for imposing a consequence for the violation.

The Court of Appeals was confronted with the district court's failure to follow § 29-2268 and correctly noted that "the district court did not technically impose a sentence on January 7, 2005." *State v. Caniglia*, 14 Neb. App. 714, 718, 714 N.W.2d 462, 466 (2006). Although the district court failed to impose a sentence, the Court of Appeals supplied the sentence it believed comported with the district court's having found the probation to have been terminated as unsuccessful. We have stated that "[i]n imposing sentence, the court should state with care the precise terms of the sentence which is imposed." *State v. Bensing*, 249 Neb. 900, 903, 547 N.W.2d 464, 466 (1996). Imposition of a sentence in a revocation of probation context is deserving of the same clarity expected when the initial sentence is imposed. It was error for the Court of Appeals to supply a sentence where none had been imposed by the district court.

Because the Court of Appeals supplied a sentence, it then concluded that a sentence existed which the prosecuting attorney could challenge as excessively lenient under § 29-2320. Contrary to the conclusions reached by the Court of Appeals, no sentence had been imposed by the district court in the violation of probation proceeding and there was no sentence from which the prosecuting attorney could appeal under § 29-2320. In the absence of a sentence, appellate jurisdiction asserted by the prosecuting attorney could not be founded on § 29-2320 and the Court of Appeals lacked jurisdiction.

## CONCLUSION

The district court found that Caniglia violated probation but failed to issue a proper order under § 29-2268. In particular, the district court did not impose a sentence. Because there was no sentence, the Court of Appeals lacked jurisdiction to hear the appeal brought by the prosecuting attorney claiming an excessively lenient sentence under § 29-2320. The Court of Appeals erred when it concluded that it had jurisdiction and thereafter considered the merits. Because the Court of Appeals lacked jurisdiction, we vacate the judgment of the Court of Appeals and remand the cause to the Court of Appeals with directions to vacate the order of the district court and remand the cause to the district court with directions to enter a proper order outlining the consequences resulting from the finding that Caniglia had violated probation.

JUDGMENT VACATED, AND CAUSE
REMANDED WITH DIRECTIONS.