Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/08/2018 09:10 AM CDT

State of Nebraska, appellant, v.
Chad T. Kennedy, appellee.
\_\_\_ N.W.2d \_\_\_

Filed March 16, 2018.    No. S-17-703.

1. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination.
2. **Sentences: Appeal and Error.** Whether an appellate court is reviewing a sentence for its leniency or its excessiveness, a sentence imposed by a district court that is within the statutorily prescribed limits will not be disturbed on appeal unless there appears to be an abuse of the trial court's discretion.
3. **Statutes.** It is a general principle of statutory construction that to the extent there is a conflict between two statutes, the specific statute controls over the general statute.
4. **Statutes: Intent: Appeal and Error.** When interpreting a statute, effect must be given, if possible, to all the several parts of a statute; no sentence, clause, or word should be rejected as meaningless or superfluous if it can be avoided. An appellate court must look to the statute's purpose and give to the statute a reasonable construction which best achieves that purpose, rather than a construction which would defeat it.
5. **Probation and Parole.** Neb. Rev. Stat. § 29-2268(2) (Reissue 2016) does not authorize a probationer to be "unsatisfactorily" discharged or terminated from post-release supervision early as the result of a violation.
6. **Courts: Probation and Parole.** Once a district court finds a violation of post-release supervision, it is authorized by Neb. Rev. Stat. § 29-2268 (Reissue 2016) to take one of two paths: It can either revoke post-release supervision and impose a term of imprisonment up to the remaining period of post-release supervision under subsection (2), or it can find that revocation is not appropriate and order one or more of the dispositions authorized by subsection (3).

7. **Sentences.** Pursuant to Neb. Rev. Stat. § 29-2323(1) (Reissue 2016), if an appellate court determines a sentence is excessively lenient, it may set aside the sentence and either (a) remand the case for imposition of a greater sentence, (b) remand the case for further sentencing proceedings, or (c) impose a greater sentence.

8. **Due Process: Sentences: Probation and Parole.** The same hearing procedures and due process protections that apply when a court considers a motion to revoke probation apply when a court considers a motion to revoke post-release supervision.

Appeal from the District Court for Sarpy County: George A. Thompson, Judge. Vacated and remanded for further proceedings.

Lee Polikov, Sarpy County Attorney, and Nicole R. Hutter for appellant.

Liam K. Meehan, of Schirber & Wagner, L.L.P., for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Stacy, J.

After finding Chad T. Kennedy had violated his post-release supervision, the district court terminated it "unsatisfactorily." The State appeals, claiming this resulted in an excessively lenient sentence that was not authorized by law. We vacate the district court's order and remand the cause for further proceedings consistent with this opinion.

## FACTS

Kennedy was charged in the Sarpy County District Court with one count of operating a motor vehicle to avoid arrest (Class IV felony)[1] and one count of willful reckless driving (Class III misdemeanor). On February 9, 2017, he pled guilty to an amended information charging him with only the felony offense. Kennedy requested immediate sentencing and waived

---

[1] Neb. Rev. Stat. § 28-905(3)(a)(iii) (Reissue 2016).

his right to a presentence investigation. He asked not to be placed on probation. The court imposed a sentence of 240 days in jail and 9 months of post-release supervision. He was given credit for 150 days already served, and it appears he was released from jail the same day he was sentenced.[2]

In April 2017, the State filed what it captioned a "Motion for Revocation of Probation." It is clear from the record the intent was to seek revocation of Kennedy's post-release supervision. The motion to revoke stated that Kennedy was "in violation of his probation order dated February 9, 2017" in that he had "failed to show for his scheduled probation appoint[ment]s and has failed to provide probation with a valid address or contact information."

At the hearing on the motion to revoke, Kennedy admitted he had violated the conditions of his post-release supervision and explained he had done so because he was incarcerated in Douglas County on an unrelated matter. He told the court he had been in custody in Douglas County for 40 days and expected to be released "in another 32" and given 6 months' probation in a "rehab and halfway house." The court accepted Kennedy's admission and found he had violated the terms and conditions of his post-release supervision.

The court then asked counsel how they wished to proceed. Defense counsel advised "the cleanest thing would just be to terminate him unsuccessfully from supervision" and "they'll take that into consideration in sentencing in Douglas County." The State disagreed. It argued the court lacked statutory authority to unsuccessfully terminate post-release supervision and suggested instead that "a sentencing order consistent with his [remaining] post release supervision term would be appropriate."

The court stated:

I'm going to note for the record a couple things:
. . . Kennedy is under the jurisdiction and custody of

_____

[2] See Neb. Rev. Stat. §§ 47-502 and 47-503 (Reissue 2010).

the fourth judicial district at this point in time and pend-
ing charges there. Certainly we did the transport order
to get him here. And the point and purpose of post
release supervision is to provide guidance and/or track
for defendants to be able to follow that is being currently
set up with Douglas County. And as a result of that he
can't comply with our post release supervision because
he's in custody in Douglas County. So, based upon the
admission, the court is going to find . . . Kennedy has
violated the terms and conditions of his post release
supervision.

The court is going to terminate probation [as being]
unsatisfactory. And that will be the judgment and order
[of] the court. [Kennedy is] remanded to the custody of
the sheriff.

The court's minute entry specifically noted that the court was
not "revok[ing]" Kennedy's probation. The following day, on
June 20, 2017, the court entered what it styled a "Judgment and
Sentence" that provided in relevant part:

[Kennedy] was personally advised of his conviction
for the crime of Count 1: Operating a motor vehicle to
avoid arrest, felony offense, a class IV felony, pursuant
to his plea of guilty and judgment of conviction entered
on February 9, 2017, and [Kennedy's] admission to the
Motion to Revoke Probation entered on June 19, 2017
and offered no good or sufficient reason why a sentence
should not be imposed for such crime. The Court termi-
nated the Post Release Supervision.

IT IS THEREFORE ORDERED that the Post Release
Supervision is hereby terminated as unsatisfactorily.

The Sarpy County Attorney, with the consent of the Attorney
General (State), timely appealed, alleging the sentence imposed
was excessively lenient.[3] We moved the case to our docket on
our own motion and set it for oral argument.

---

[3] See Neb. Rev. Stat. §§ 29-2320 and 29-2321 (Reissue 2016).

## ASSIGNMENTS OF ERROR

The State assigns, restated, that the district court (1) abused its discretion in imposing an excessively lenient sentence not authorized by Neb. Rev. Stat. § 29-2268 (Reissue 2016) and (2) committed plain error by imposing a sentence outside the statutory limits.

## STANDARD OF REVIEW

[1] Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination.[4]

[2] Whether an appellate court is reviewing a sentence for its leniency or its excessiveness, a sentence imposed by a district court that is within the statutorily prescribed limits will not be disturbed on appeal unless there appears to be an abuse of the trial court's discretion.[5]

## ANALYSIS

Post-release supervision is a relatively new concept in Nebraska sentencing law.[6] Last year, in *State v. Phillips*,[7] this court had its first opportunity to address the procedure for imposing a term of post-release supervision under § 29-2204.02. The issues presented in the instant appeal provide our first opportunity to address the procedure when moving to revoke such a term.

As a threshold matter, we observe that the Legislature has defined "[p]robationer" to mean "a person sentenced to probation or post-release supervision."[8] Similarly, it has

---

[4] *State v. Carman*, 292 Neb. 207, 872 N.W.2d 559 (2015); *State v. Draper*, 289 Neb. 777, 857 N.W.2d 334 (2015).

[5] *State v. Moore*, 274 Neb. 790, 743 N.W.2d 375 (2008).

[6] See Neb. Rev. Stat. §§ 28-105 (Supp. 2017) and 29-2204.02 (Reissue 2016).

[7] *State v. Phillips*, 297 Neb. 469, 900 N.W.2d 522 (2017).

[8] Neb. Rev. Stat. § 29-2246(5) (Reissue 2016).

defined "[p]robation" to "include[] post-release supervision."[9] "Post-release supervision" is defined to mean "the portion of a split sentence following a period of incarceration under which a person found guilty of a crime upon verdict or plea is released by a court subject to conditions imposed by the court and subject to supervision by the [Office of Probation Administration]."[10] The Legislature has instructed that these statutory definitions apply for purposes of the Nebraska Probation Administration Act[11] "unless the context otherwise requires."[12]

As such, the Nebraska Probation Administration Act sometimes refers to probation and post-release supervision interchangeably,[13] and other times, separately.[14] This may explain why, in the present case, the State filed a motion to revoke "probation" even though Kennedy had been sentenced to a term of incarceration followed by a term of post-release supervision. The trial court used the same vernacular in its June 20, 2017, sentencing order. Particularly because the available disposition differs slightly based on whether a probationer is alleged to have violated the terms of his or her probation or post-release supervision,[15] we encourage courts, and officers of the courts, to be precise when taking up motions to revoke.

## § 29-2268

Violations of probation and post-release supervision are governed by § 29-2268, which provides:

---

[9] § 29-2246(4).

[10] § 29-2246(13).

[11] Neb. Rev. Stat. §§ 29-2246 to 29-2269 (Reissue 2016).

[12] § 29-2246.

[13] See, e.g., §§ 29-2250, 29-2251, 29-2258, 29-2262, and 29-2267.

[14] See, e.g., §§ 29-2263(2) and (3) and 29-2268(1) and (2).

[15] See § 29-2268(1) and (2).

(1) If the court finds that the probationer, other than a probationer serving a term of post-release supervision, did violate a condition of his or her probation, it may revoke the probation and impose on the offender such new sentence as might have been imposed originally for the crime of which he or she was convicted.

(2) If the court finds that a probationer serving a term of post-release supervision did violate a condition of his or her post-release supervision, it may revoke the post-release supervision and impose on the offender a term of imprisonment up to the remaining period of post-release supervision. The term shall be served in an institution under the jurisdiction of the Department of Correctional Services or in county jail subject to subsection (2) of section 28-105.

(3) If the court finds that the probationer did violate a condition of his or her probation, but is of the opinion that revocation is not appropriate, the court may order that:

(a) The probationer receive a reprimand and warning;

(b) Probation supervision and reporting be intensified;

(c) The probationer be required to conform to one or more additional conditions of probation which may be imposed in accordance with the Nebraska Probation Administration Act;

(d) A custodial sanction be imposed on a probationer convicted of a felony, subject to the provisions of section 29-2266.03; and

(e) The probationer's term of probation be extended, subject to the provisions of section 29-2263.

Section 29-2268(1) is not applicable to Kennedy because it expressly excludes those on post-release supervision from the definition of probationer. Thus, the question presented here is whether the district court had authority, pursuant to either § 29-2268(2) or (3), to terminate post-release supervision "unsatisfactorily" after finding a violation.

The State argues that upon finding a violation of post-release supervision, the district court had only two options under § 29-2268: It could either revoke post-release supervision pursuant to § 29-2268(2) and impose a term of incarceration up to the remainder of the post-release supervision term or it could find that revocation is not appropriate and enter an order pursuant to § 29-2268(3)(a) through (e).

Kennedy argues the district court had a third option: It could discharge him from post-release supervision altogether under § 29-2263. We address this argument first, and find it has no merit.

### § 29-2263 Does Not Authorize Unsatisfactory Discharge

Section 29-2263 addresses both probation[16] and post-release supervision,[17] and provides in pertinent part:

> When a court has sentenced an offender to post-release supervision, the court shall specify the term of such post-release supervision as provided in section 28-105. The court, on application of a probation officer or of the probationer or on its own motion, may discharge a probationer at any time.[18]

Kennedy argues the second sentence of § 29-2263(2) gave the district court authority to enter an order terminating his post-release supervision "unsatisfactorily" once it found a violation.[19] He urges us to interpret § 29-2263(2) to apply in circumstances where a violation of post-release supervision has been found and asks that we equate "discharge" under § 29-2263(2) with being "terminated unsatisfactorily."[20] We decline to do either.

---

[16] § 29-2263(1) and (3) through (5).

[17] § 29-2263(2) through (5).

[18] § 29-2263(2).

[19] Brief for appellee at 6.

[20] *Id.*

[3] Section 29-2263 generally governs a court's power to impose, modify, and discharge a person from probation and post-release supervision. In contrast, § 29-2268 specifically governs violations of probation and post-release supervision and thus is the more specific statute. It is a general principle of statutory construction that to the extent there is a conflict between two statutes, the specific statute controls over the general statute.[21]

More importantly, the early discharge permitted by § 29-2263(2) is incompatible with "unsatisfactory" termination. Section 29-2263(4) explains that "[u]pon completion of the term of probation, or the earlier discharge of the probationer, the probationer shall be relieved of any obligations imposed by the order of the court and shall have satisfied the sentence for his or her crime."

[4] When interpreting a statute, effect must be given, if possible, to all the several parts of a statute; no sentence, clause, or word should be rejected as meaningless or superfluous if it can be avoided.[22] An appellate court must look to the statute's purpose and give to the statute a reasonable construction which best achieves that purpose, rather than a construction which would defeat it.[23]

[5] Because an early discharge under § 29-2263(2) results in satisfying the sentence imposed, it cannot be reconciled with "unsatisfactorily" completing the sentence. We thus hold that once the State invoked the revocation process under § 29-2268 and the district court found a violation of post-release supervision, the court was not empowered,

---

[21] See *State v. Hernandez*, 283 Neb. 423, 809 N.W.2d 279 (2012).

[22] See, *Keller v. Tavarone*, 265 Neb. 236, 655 N.W.2d 899 (2003); *Omaha Pub. Power Dist. v. Nebraska Dept. of Revenue*, 248 Neb. 518, 537 N.W.2d 312 (1995).

[23] See, *In re Estate of Fries*, 279 Neb. 887, 782 N.W.2d 596 (2010); *TracFone Wireless v. Nebraska Pub. Serv. Comm.*, 279 Neb. 426, 778 N.W.2d 452 (2010).

at that point, to invoke the early discharge provisions of § 29-2263(2).[24]

### Only Dispositions for Violations of Post-Release Supervision Are Those Enumerated in § 29-2268(2) and (3)

[6] We agree with the State that once the district court found a violation of post-release supervision, it was authorized by § 29-2268 to take one of two paths: It could either revoke post-release supervision and impose a term of imprisonment up to the remaining period of post-release supervision under subsection (2), or it could find that revocation was not appropriate and order one or more of the dispositions authorized by subsection (3). Stated differently, once a violation of post-release supervision is found, a district court may proceed under either subsection (2) or subsection (3) of § 29-2268, but the statutory language does not authorize any disposition not therein enumerated.

Before considering whether the district court was proceeding under subsection (2) or subsection (3) of § 29-2268, we pause to address a jurisdictional question raised by Kennedy.

### Jurisdiction Over This Appeal

Kennedy, relying on *State v. Caniglia*,[25] argues this court lacks jurisdiction over the instant appeal, because no sentence was imposed that the State may challenge as excessively lenient. We disagree.

In *Caniglia*, the defendant was convicted in Sarpy County District Court of driving under the influence in August 2003. At the time, she was on intensive supervision probation in Douglas County for another conviction of driving under the

---

[24] Accord *State v. Caniglia*, 272 Neb. 662, 668, 724 N.W.2d 316, 320 (2006) (in probation revocation proceeding, § 29-2268 does not authorize district court to order probation "terminated as unsuccessful").

[25] *Caniglia, supra* note 24.

influence. The Sarpy County court sentenced her to probation, to be served concurrently with the Douglas County probation. Both probation orders required that she refrain from using alcohol.

In December 2004, the State moved to revoke the Sarpy County probation, alleging the defendant was using alcohol, which the defendant admitted. At the hearing on the motion to revoke, the evidence showed the defendant already had been terminated from her Douglas County probation for using alcohol. The revocation in Douglas County resulted in her serving 15 days in jail and having her driver's license revoked for 15 years. After noting what had occurred in Douglas County, the Sarpy County court found a probation violation, and then, without ruling on the motion to revoke, terminated the defendant's probation as "'unsuccessful.'"[26]

The State appealed the district court's order pursuant to a statute authorizing the State to appeal "the sentence imposed" if it reasonably believes the sentence is excessively lenient.[27] We held the district court had not imposed a sentence at all, thus, this statute did not authorize the State's appeal. In doing so, we analyzed the version of § 29-2268 in effect at the time (which is substantially similar to the current version, minus the specific inclusion of post-release supervision). We noted that pursuant to the terms of the statute, once the district court found a violation of probation it

> was authorized to revoke probation and impose a sentence, to reprimand and warn the probationer, to intensify supervision, to impose additional terms of probation, or to extend the term of probation. The district court did none of the above. Instead, the district court ordered the probation "terminated as unsuccessful." This was neither an authorized order nor a sentence.[28]

---

[26] *Id*. at 665, 724 N.W.2d at 318.

[27] See § 29-2320.

[28] *Caniglia, supra* note 24, 272 Neb. at 667-68, 724 N.W.2d at 320.

Based on this rationale, we found there was no appellate jurisdiction, because no "sentence" had been imposed that could be challenged as excessively lenient pursuant to § 29-2320.

Here, the State also seeks to challenge the sentence as excessively lenient and relies on the same statute at issue in *Caniglia*, which requires a challenge from "the sentence imposed."[29] But unlike in *Caniglia*, the district court here ruled on the motion to revoke by determining revocation was not appropriate, and then proceeded to enter a sentencing order which purported to modify the sentence of post-release supervision by terminating it unsatisfactorily. As such, the jurisdictional concerns present in *Caniglia* are not present here. We conclude that the district court's order of June 20, 2017, is a sentencing order from which the prosecuting attorney may appeal under § 29-2320. We proceed to consider the merits of the State's contention that the sentencing order was excessively lenient.

### Court Was Not Proceeding Under § 29-2268(2)

In the present case, after finding Kennedy had violated his post-release supervision, the district court made clear it was not revoking that supervision as authorized by § 29-2268(2). However, Kennedy suggests the court's sentencing order should be construed to have had the practical effect of revoking probation and imposing a term of "zero months" of imprisonment.[30]

We rejected a similar argument in *Caniglia*. In that case, we refused to infer a term of imprisonment when one was not expressly stated, reasoning that when imposing a sentence, a court must state with care the precise terms of the sentence and that imposition of a sentence in a revocation of probation

---

[29] See § 29-2320.

[30] Brief for appellee at 9.

context is deserving of the same clarity expected when the initial sentence is imposed.[31]

We apply the same reasoning here and conclude the district court's order cannot reasonably be interpreted to have revoked probation and imposed a term of "zero months" of imprisonment, when the court expressly held it was not revoking supervision and expressed no precise term of sentence. The district court was not proceeding under § 29-2268(2) when it opted not to revoke Kennedy's post-release supervision, but, rather, to terminate it unsatisfactorily.

### Court Attempted to Proceed Under § 29-2268(3), But Erred

Subsection (3) of § 29-2268 allows a court, after finding a violation of probation or post-release supervision, to decide that revocation is not appropriate, and instead order:

(a) The probationer receive a reprimand and warning;

(b) Probation supervision and reporting be intensified;

(c) The probationer be required to conform to one or more additional conditions of probation which may be imposed in accordance with the Nebraska Probation Administration Act;

(d) A custodial sanction be imposed on a probationer convicted of a felony, subject to the provisions of section 29-2266.03; and

(e) The probationer's term of probation be extended, subject to the provisions of section 29-2263.

Here, after finding a violation, the court made clear it was not revoking Kennedy's post-release supervision. We find that portion of the district court's decision was authorized by § 29-2268(3). But having elected not to revoke post-release supervision, the court was limited to the dispositions enumerated in § 29-2268(3). Because the sentencing order did not impose any disposition authorized by subsection (3), that

---

[31] *Caniglia, supra* note 24.

portion of the court's order was erroneous and resulted in an excessively lenient sentence.

## Vacate With Directions

[7] For all of these reasons, the portion of the sentencing order which purported to terminate unsatisfactorily Kennedy's post-release supervision as a result of a violation was not authorized by statute, was erroneous, and resulted in an excessively lenient sentence.[32] Pursuant to Neb. Rev. Stat. § 29-2323(1) (Reissue 2016), if an appellate court determines a sentence is excessively lenient, it may set aside the sentence and either (a) remand the case for imposition of a greater sentence, (b) remand the case for further sentencing proceedings, or (c) impose a greater sentence. We conclude it is appropriate to remand the cause for further sentencing proceedings consistent with the applicable statutes[33] and Kennedy's due process rights.[34]

[8] For the sake of completeness, we remind the parties and the court that the Legislature has established the procedure to be followed when a motion to revoke probation is filed,[35] and this court has identified the minimum due process protections required at probation revocation hearings.[36] We now expressly hold these same hearing procedures and due process protections apply when the court is considering a motion to revoke a term of post-release supervision. On remand, these procedures should be followed.

[32] See, *State v. McBride*, 252 Neb. 866, 567 N.W.2d 136 (1997); *State v. Bensing*, 249 Neb. 900, 547 N.W.2d 464 (1996); *State v. Campbell*, 247 Neb. 517, 527 N.W.2d 868 (1995).

[33] §§ 29-2267 and 29-2268.

[34] See, e.g., *State v. Johnson*, 287 Neb. 190, 842 N.W.2d 63 (2014); *State v. Shambley*, 281 Neb. 317, 795 N.W.2d 884 (2011).

[35] See § 29-2267(1) and (2).

[36] See, e.g., *Johnson, supra* note 34; *Shambley, supra* note 34.

## CONCLUSION

Once the district court found a violation of post-release supervision and decided it was not appropriate to revoke supervision, it was authorized by § 29-2268(3) to either (a) order a reprimand or warning, (b) intensify supervision or reporting, (c) impose additional conditions of probation, (d) impose custodial sanctions, or (e) extend the term of probation. Because it did none of these and instead erroneously terminated post-release supervision altogether, we vacate the sentencing order of June 20, 2017, as excessively lenient, and remand the cause for further proceedings not inconsistent with this opinion.

VACATED AND REMANDED FOR
FURTHER PROCEEDINGS.

KELCH, J., not participating in the decision.
WRIGHT, J., not participating.