Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/27/2018 09:08 AM CDT

State of Nebraska, appellee, v.
Nathan W. Clemens, appellant.

___ N.W.2d ___

Filed July 27, 2018.    No. S-17-872.

1. **Pleas: Appeal and Error.** A trial court is given discretion as to whether to accept a guilty plea, and an appellate court will overturn that decision only where there is an abuse of discretion.
2. **Judges: Words and Phrases.** A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.
3. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, which an appellate court reviews independently.
4. **Pleas.** To support a plea of guilty or no contest, the record must establish that (1) there is a factual basis for the plea and (2) the defendant knew the range of penalties for the crime with which he or she is charged.
5. **Pleas: Effectiveness of Counsel.** When a court accepts a defendant's plea of guilty or no contest, the defendant is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel.
6. **Pleas.** A sufficient factual basis is a requirement for finding that a plea was entered into understandingly and voluntarily.
7. **Statutes.** Statutory language is to be given its plain and ordinary meaning.
8. **Statutes: Legislature: Intent: Appeal and Error.** An appellate court will not look beyond a statute to determine the legislative intent when the words are plain, direct, or unambiguous.
9. **Statutes: Intent: Appeal and Error.** When interpreting a statute, effect must be given, if possible, to all the several parts of a statute; no sentence, clause, or word should be rejected as meaningless or superfluous if it can be avoided. An appellate court must look to the statute's purpose and give to the statute a reasonable construction which

best achieves that purpose, rather than a construction which would defeat it.

10. **Convicted Sex Offender: Jurisdiction: States.** Under Neb. Rev. Stat. § 29-4003(1)(a)(iv) (Reissue 2016), whether one is "required to register as a sex offender" in another jurisdiction is determined under the laws of the other jurisdiction rather than under Nebraska law. Section 29-4003(1)(a)(iv) adds no additional requirement that registration in the other jurisdiction must be based on a "conviction" or an offense that would have required the person to register in Nebraska if the offense had been committed in Nebraska.

11. ____: ____: ____. A sex offender registrant's actual registration under another jurisdiction's law is conclusive evidence that the registrant was required to register within the meaning of Neb. Rev. Stat. § 29-4003(1)(a)(iv) (Reissue 2016).

Appeal from the District Court for Lancaster County: John A. Colborn, Judge. Affirmed.

Joseph D. Nigro, Lancaster County Public Defender, Todd Molvar, and Sarah L. Burghaus, Senior Certified Law Student, for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, and Papik, JJ., and Hall, District Judge.

Miller-Lerman, J.
NATURE OF CASE

Nathan W. Clemens appeals his plea-based conviction and sentence in the district court for Lancaster County for attempted violation of Nebraska's Sex Offender Registration Act (SORA). He claims that the district court committed plain error when it accepted the factual basis for the plea and sentenced him. We affirm Clemens' conviction and sentence.

STATEMENT OF FACTS

In August 2016, Clemens was taken into custody by a Lancaster County sheriff's deputy following a disturbance

in a bar. As a result of conducting a background check on Clemens, the deputy determined that Clemens was registered as a sex offender in Colorado; that he was still required to be registered in Colorado; and that he had last registered in Colorado on January 14, 2016, with an Aurora, Colorado, address. Further investigation indicated that Clemens had been living and working in Nebraska since June 2016, but that he had never registered as a sex offender in Nebraska. The State charged Clemens with a violation of SORA under Neb. Rev. Stat. § 29-4011(1) (Reissue 2016) based on his failure to register within 3 working days after entering Nebraska, as required by Neb. Rev. Stat. §§ 29-4003(1)(a)(iv) and 29-4004(1) (Reissue 2016).

As part of a plea agreement, the State amended the charge to attempted violation of SORA, and on June 5, 2017, Clemens pled guilty to the amended charge. At the plea hearing, the State set forth a factual basis which included, inter alia, the following: that Clemens "was a registered sex offender in Colorado"; that "on February 18th of 1999, [he] was found to have committed the offense of sexual assault of a child" in Colorado; that "[a]s a result of his conviction, [he] was required to register as a sex offender" in Colorado; that a law enforcement officer in Colorado confirmed that Clemens "was still required to registered as a sex offender, and his last registration in Colorado was on January 14th, 2016, when he listed his address at that time as being in Aurora, Colorado"; that Clemens had posted on social media in June 2016 that he was leaving Colorado and "was going to Nebraska for a new start"; that his employer provided timecards showing that he "had been working in Nebraska since June 20th of 2016"; that Clemens had "acknowledge[d] that he knew he was required to register as a sex offender, but said he did not know the rules in Nebraska"; and that a "review of the Nebraska State Patrol Registry and the records of the Lancaster County Sheriff's Office show that . . . Clemens had never registered as a sex offender in Nebraska or in Lancaster County." After the State

finished giving its factual basis, the court asked Clemens, "Sir, did you commit this offense?" and Clemens replied, "Yes, sir." After further colloquy, the court accepted Clemens' plea and found him guilty of attempted violation of SORA.

On July 28, 2017, the court sentenced Clemens to imprisonment for 270 days and to postrelease supervision for 9 months. On August 15, Clemens filed a notice of appeal. At an appeal bond hearing held on August 16, the district court received into evidence two exhibits offered by Clemens: an August 4, 2017, letter from the Nebraska State Patrol stating that Clemens did not need to register under SORA and a copy of the decision of the U.S. Court of Appeals for the Eighth Circuit in *A.W. by and through Doe v. State*, 865 F.3d 1014 (8th Cir. 2017). Clemens stated that he was offering the exhibits "just for the purpose of setting the appeal bond."

In the August 4, 2017, letter, legal counsel for the Nebraska State Patrol advised Clemens that his "registration is being terminated due to a decision of the 8th Circuit Court of Appeals relating to out-of-state juvenile adjudications." The Eighth Circuit opinion to which the letter referred was *A.W. by and through Doe, supra*, filed on July 31, 2017. In that opinion, the Eighth Circuit interpreted SORA and, in particular § 29-4003(1)(a), which provides: "[SORA] applies to any person who on or after January 1, 1997: . . . (iv) [e]nters the state and is required to register as a sex offender under the laws of another village, town, city, state, territory, commonwealth, or other jurisdiction of the United States." In its opinion in *A.W. by and through Doe*, based on its interpretation of the term "sex offender," the Eighth Circuit concluded that § 29-4003(1)(a)(iv) of SORA did not apply to persons who move to Nebraska from another state and were required to register in that other state if the registration required in the other state was a result of a juvenile adjudication rather than a criminal conviction.

At the appeal bond hearing, Clemens stated that the letter from the Nebraska State Patrol and the Eighth Circuit decision were "why [he] filed the appeal" and that they indicated

"a mitigating circumstance [such that he should be] released on an appeal bond." Clemens did not ask to withdraw his plea, nor did he request any relief other than the setting of an appeal bond.

The State responded that it did not have any objection to the court's setting a bond in this case, but it stated that it had sent an email to the court and to Clemens' counsel "with a determination by the Patrol, subsequent to the letter that [Clemens had] offered [to the court] that says, oh, wait a minute, we didn't know some other things." The State continued by saying that the "issue is not cut and dry, as it would appear from just those two exhibits." The State concluded that it "just want[ed] the Court to be aware of that" and repeated that it did not object to setting a bond. The court then set a bond for Clemens.

Clemens appeals his conviction and sentence.

## ASSIGNMENT OF ERROR

Clemens claims that the district court "committed plain error by accepting the factual basis at the plea, and by sentencing [him]." Clemens argues that there was no factual basis for the district court to accept his plea, because under the Eighth Circuit's interpretation of SORA, he was not required to register in Nebraska and therefore he could not have violated SORA by failing to register in Nebraska.

We note that while Clemens claimed that the court committed plain error "by sentencing" him, he does not make a separate argument regarding sentencing per se. Instead, his argument appears to be that because the court should not have accepted his plea, the court should not have sentenced him at all. Therefore, our resolution of the sentencing claim is based entirely on our resolution of the claim relating to acceptance of the plea.

## STANDARDS OF REVIEW

[1,2] A trial court is given discretion as to whether to accept a guilty plea, and an appellate court will overturn that decision

only where there is an abuse of discretion. *State v. Russell*, 291 Neb. 33, 863 N.W.2d 813 (2015). A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *State v. Jones*, 297 Neb. 557, 900 N.W.2d 757 (2017).

[3] Statutory interpretation presents a question of law, which an appellate court reviews independently. See *State v. Kennedy*, 299 Neb. 362, 908 N.W.2d 69 (2018).

## ANALYSIS

*This Court Treats Clemens' Claim of Plain Error*
*as Challenge to Court's Finding That His Plea*
*Was Entered Understandingly and Voluntarily.*

We first address the procedural posture of this case and the manner in which Clemens claims error on appeal. Clemens asserts on appeal that the district court committed plain error when it accepted the factual basis of his plea and sentenced him. In particular, he contends that he was not required to register as a sex offender in Nebraska and that therefore, he could not have been found guilty of a violation or attempted violation of SORA based on a failure to register.

Clemens phrases his assignment of error as an assertion that the court committed "plain error." He apparently raises the issue as plain error because he did not object to the factual basis at the plea hearing and he did not move to withdraw his plea after he received the letter from the Nebraska State Patrol. Thus, Clemens could not assign error based on the court's "overruling" an objection he did not raise or a motion he did not make.

Instead of seeking a ruling directly challenging the necessity to register, the only point at which Clemens brought to the district court's attention the issue of whether he was required to register was in the context of the appeal bond hearing. At that hearing, he stated that he was offering evidence regarding the issue of whether he was required to register "just for

the purpose of setting the appeal bond" and, as noted above, that the evidence he presented indicated "a mitigating circumstance [such that he should be] released on an appeal bond." Although the State took issue with the import of the evidence offered by Clemens, it stated that it did not object to the court's setting a bond for Clemens. The court then set a bond for Clemens, and thus, Clemens could not assign error to the denial of a bond.

Regarding the substance of the assertion of plain error in this appeal, we note that in *State v. Wilkinson*, 293 Neb. 876, 881 N.W.2d 850 (2016), we concluded that a defendant did not waive a challenge to the factual basis for a plea when he entered a plea. We stated that a sufficient factual basis is a requirement for finding that a plea is entered into understandingly and voluntarily. Therefore, on appeal, one of the limited challenges a defendant may raise to a plea that was accepted by the trial court is the claim that the plea was not understandingly and voluntarily made. In view of the foregoing, we read Clemens' assertion of plain error in this appeal as a challenge to the court's acceptance of his plea on the limited basis that the plea was not understandingly and voluntarily made because there was not a sufficient factual basis for the plea.

*Based on Plain Reading of SORA Registration Requirements, Clemens Was Required to Register Under SORA: The Factual Basis for Clemens' Plea Was Sufficient.*

We note at this point that the parties indicate on appeal, and it is reflected in the presentence report prepared after the plea was accepted, that Clemens was a juvenile at the time of the events leading to his adjudication in Colorado. We accept that understanding for the purpose of our analysis.

Relying on the Nebraska State Patrol's letter and the Eighth Circuit's interpretation of § 29-4003(1)(a)(iv) in *A.W. by and through Doe v. State*, 865 F.3d 1014 (8th Cir. 2017), Clemens contends that the factual basis in this case was not sufficient

because, inter alia, his Colorado registration from a juvenile adjudication and the factual basis recited by the State did not include an allegation that he was required to register in Colorado based on an actual "conviction." Brief for appellant at 5. He contends there was not a sufficient factual basis because he was not in fact required to register in Nebraska and therefore could not have violated or attempted to violate SORA by failing to register. Clemens basically argues that he could not have understandingly and voluntarily pled guilty to an offense he did not commit. We conclude that there was a sufficient factual basis to support Clemens' plea to an attempted violation of SORA and that the court did not err when it accepted the plea.

[4-6] To support a plea of guilty or no contest, the record must establish that (1) there is a factual basis for the plea and (2) the defendant knew the range of penalties for the crime with which he or she is charged. *State v. Wilkinson, supra*. "When a court accepts a defendant's plea of guilty or no contest, the defendant is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel." *Id*. at 881, 881 N.W.2d at 855. A sufficient factual basis is a requirement for finding that a plea was entered into understandingly and voluntarily. *Id*.

Clemens pled guilty to an attempted violation of § 29-4011(1), which provides that "[a]ny person required to register under [SORA] who violates the act is guilty of a Class IIIA felony." The offense as charged by the State was that Clemens violated SORA when he failed to timely register as required by §§ 29-4003(1)(a)(iv) and 29-4004(1). Section 29-4003(1)(a) provides that SORA "applies to any person who on or after January 1, 1997," meets one of the listed criteria, including the criterion listed in subsection (1)(a)(iv), referring to a person who "[e]nters the state and is required to register as a sex offender under the laws of another village, town, city, state, territory, commonwealth, or other jurisdiction of

the United States." Section 29-4004(1) provides that "[a]ny person subject to [SORA] shall register within three working days after becoming subject to the act at a location designated by the Nebraska State Patrol for purposes of accepting such registration."

As noted above, the factual basis provided by the State at the plea hearing held on June 5, 2017, included allegations to the effect that prior to June 2016, Clemens had lived in Colorado; that he moved to Nebraska in June 2016; that at the time he moved to Nebraska, he was required to register as a sex offender in Colorado; and that he had never registered as a sex offender in Nebraska or in Lancaster County. The foregoing factual basis would appear to support a conviction under § 29-4011(1) based on the plain language of §§ 29-4003(1)(a)(iv) and 29-4004(1).

Notwithstanding the facts recited by the State, Clemens argues that the factual basis was not sufficient, because the language in § 29-4003(1)(a)(iv) that one is "required to register as a sex offender" should be made by reference to Nebraska law concerning who is required to register in Nebraska— not Colorado law concerning who is required to register in Colorado. In this regard, Clemens points out that juveniles adjudicated delinquent in Nebraska do not have to register under SORA, whereas in Colorado, they are required to do so. As a consequence of his interpretation of subsection (1)(a)(iv), Clemens maintains that the plea did not satisfy his reading of § 29-4003(1)(a)(iv).

Clemens' interpretation is based on the Eighth Circuit's decision in *A.W. by and through Doe v. State*, 865 F.3d 1014 (8th Cir. 2017). As we noted above, that case held that the term "sex offender" as used in § 29-4003(1)(a)(iv) refers only to a person who has been criminally convicted of a sex offense, but does not include one who is required to register in another state based on a juvenile adjudication which is generally not considered a criminal "conviction" under Nebraska law. Clemens argues that because he was required to register

in Colorado based on a juvenile adjudication but not a criminal conviction, he was not a "sex offender" within the meaning of § 29-4003(1)(a)(iv).

In *A.W. by and through Doe, supra*, the Eighth Circuit rejected the State's argument that under § 29-4003(1)(a)(iv), the determination of whether one is required to register as a sex offender in another jurisdiction is to be determined based on that other jurisdiction's definition of the term "sex offender." The Eighth Circuit reasoned instead that whether one is required to register as a sex offender in the other jurisdiction depends on whether the registration requirement in that other jurisdiction is based on the person's being a "sex offender" as that term is defined by Nebraska law. Because SORA does not include a definition of the term "sex offender," and given its approach to subsection (1)(a)(iv), the Eighth Circuit looked to ascertain who would be required to register as a "sex offender" under Nebraska law. The Eighth Circuit then determined a criminal "conviction" is necessary to being considered a "sex offender" under Nebraska law, and it reasoned that because a juvenile adjudication is not considered a "conviction" under Nebraska law, one who is required to register in another state because of a juvenile adjudication is not a "sex offender" under Nebraska law and therefore not "required to register as a sex offender under the laws of another" jurisdiction for purposes of § 29-4003(1)(a)(iv).

[7-9] Resolution of the issue of whether Clemens was required to register under SORA requires us to interpret § 29-4003(1)(a)(iv), and we therefore review standards relevant to statutory interpretation. Statutory language is to be given its plain and ordinary meaning. *State v. Jasa*, 297 Neb. 822, 901 N.W.2d 315 (2017). An appellate court will not look beyond a statute to determine the legislative intent when the words are plain, direct, or unambiguous. *Id.* When interpreting a statute, effect must be given, if possible, to all the several parts of a statute; no sentence, clause, or word should be rejected as meaningless or superfluous if it can be avoided. *State v.*

*Kennedy*, 299 Neb. 362, 908 N.W.2d 69 (2018). An appellate court must look to the statute's purpose and give to the statute a reasonable construction which best achieves that purpose, rather than a construction which would defeat it. *Id*.

[10] We respectfully disagree with the Eighth Circuit's interpretation of § 29-4003(1)(a)(iv) and reject Clemens' argument based thereon. We think that the Eighth Circuit's decision to focus on the meaning of "sex offender" under Nebraska law and the posited requirement of a "conviction" deviates from a plain reading of § 29-4003(1)(a)(iv). To repeat, § 29-4003(1)(a) provides that SORA "applies to any person who on or after January 1, 1997: . . . (iv) [e]nters the state and is required to register as a sex offender under the laws of another village, town, city, state, territory, commonwealth, or other jurisdiction of the United States." Our plain reading of the statute leads us to conclude that "required to register as a sex offender" is modified by "under the laws of another . . . jurisdiction." Reading the section as a whole, whether one is "required to register as a sex offender" in another jurisdiction is determined under the laws of the other jurisdiction rather than under Nebraska law. Section 29-4003(1)(a)(iv) adds no additional requirement that registration in the other jurisdiction must be based on a "conviction" or an offense that would have required the person to register in Nebraska if the offense had been committed in Nebraska.

In this regard and in contrast to SORA's § 29-4003(1)(a)(iv), we are aware of other states' sex offender statutes and note that elsewhere there is deliberate language, such as requiring registration if the individual was "convicted" in the other state; such statutes would be compatible with the Eighth Circuit's approach to § 29-4003(1)(a)(iv). E.g., *State v. Frederick*, 292 Kan. 169, 174, 251 P.3d 48, 51 (2011) (determining person required to register in other state based on juvenile adjudication not required to register in Kansas, because Kansas statute refers to person *convicted* in other state and under Kansas law, "convictions" do not include "adjudications").

Our reading of § 29-4003(1)(a)(iv) is bolstered by reading other provisions of § 29-4003(1)(a) as well as the statute as a whole. Section 29-4003(1)(a) describes persons to whom SORA applies. Section 29-4003(1)(a)(i)(A) through (N) lists the sexual predatory conduct to which SORA applies. Subsection 29-4003(1)(a)(ii) in particular requires persons to register in Nebraska who have "ever pled guilty to, pled nolo contendere to, or been found guilty of any offense that is substantially equivalent to a registrable offense under subdivision (1)(a)(i) of this section by" another jurisdiction.

Section 29-4003(1)(a)(ii) uses the language of criminal law and essentially requires a person with a "conviction" for a sex offense in another jurisdiction to register in Nebraska. By imposing a "conviction" requirement onto § 29-4003(1)(a)(iv), in *A.W. by and through Doe v. State*, 865 F.3d 1014 (8th Cir. 2017), the Eighth Circuit's reading of subsection (1)(a)(iv) tends to make it superfluous to subsection (1)(a)(ii). We recognize there is some overlap between subsections (1)(a)(ii) and (1)(a)(iv), for example, where one was convicted of an offense and required to register in another jurisdiction and also would have been required to register in Nebraska if the offense had been committed in Nebraska. However, as we read § 29-4003(1)(a), each subsection covers some circumstances that the other does not. Subsection (1)(a)(ii) covers persons convicted of an offense in another state that would have required registration in Nebraska, whether or not that person is required to register under the laws of the other jurisdiction, whereas subsection (1)(a)(iv) covers persons who are required to register as a sex offender in another jurisdiction whether or not they would otherwise have been required to register in Nebraska. Thus, in contrast to the Eighth Circuit's approach to § 29-4003(1)(a)(iv), our reading tends to make subsections (1)(a)(ii) and (1)(a)(iv) harmonious.

We have reviewed the jurisprudence relative to registrable offenses and believe our reading of § 29-4003(1)(a)(iv) is consistent with the approaches taken by other states addressing

when to require registration of a person coming into the state from another state. The literature recognizes differing approaches in imposing registration requirements for one who moves from another state to the forum state. Wayne A. Logan, *Horizontal Federalism in an Age of Criminal Justice Interconnectedness*, 154 U. Pa. L. Rev. 257 (2005). Alternative approaches have been described as being either "internal" or "external." *Id*. at 261. Under an internal approach, the forum state "requires that out-of-state convictions, and any punishment resulting from those convictions, satisfy the eligibility requirements of the forum state's registration . . . law." *Id*. Under an external approach, the forum state "allows such decisions to be based on the legal determinations of the forum state's fellow sovereigns." *Id*. Some state courts have noted that their statutes take both approaches. See *Crabtree v. State*, 389 S.W.3d 820 (Tex. Crim. App. 2012) (Alcala, J., dissenting; Johnson and Cochran, JJ., join).

Nebraska's statute uses both approaches. Section 29-4003(1)(a)(ii) uses the internal approach. And, although the Eighth Circuit applied an internal approach analysis to § 29-4003(1)(a)(iv), we believe § 29-4003(1)(a)(iv) is an external approach statute. See *Com. v. Bell*, 83 Mass. App. 82, 981 N.E.2d 220 (2013) (Grainger, J., dissenting in part) (identifying § 29-4003(1)(a)(iv) as being among statutes from other states that require registration in forum state based on registration requirement in another state whether or not offense would have required registration if committed in forum state).

We note that in *Murphy v. Commonwealth*, 500 S.W.3d 827 (Ky. 2016), the Supreme Court of Kentucky considered a statute that used an external approach similar to that used in § 29-4003(1)(a)(iv). Referring to the Kentucky statute, the court in *Murphy* stated that the law at issue required registration in Kentucky for "'a person . . . required to register under . . . the laws of another state . . . .'" 500 S.W.3d at 829. The court in *Murphy* concluded that the "plain language of the statute" required the defendant, who was required to register

in another state based on that other state's law, to register in Kentucky. 500 S.W.3d at 831. In so concluding, the court rejected an argument—similar to that urged by Clemens—that a defendant is not required to register in Kentucky, because his registration in the other state arose from a juvenile adjudication and Kentucky did not require registration for persons found to have committed a sex offense in a juvenile adjudication in Kentucky.

When it rejected the defendant's argument, the court in *Murphy* reasoned that public policy regarding whether and which juveniles should register was to be determined by the Kentucky General Assembly rather than the court and that "if the General Assembly has required registration of some juveniles from other states, then that is the law." 500 S.W.3d at 832. For completeness, we note that after the decision in *Murphy*, the Kentucky General Assembly amended the statute to exclude registration based on juvenile adjudications in other states. See Ky. Rev. Stat. Ann. § 17.510(6)(b) (LexisNexis Cum. Supp. 2017) (providing in part that "[n]o person shall be required to register under this subsection for a juvenile adjudication if such an adjudication in this Commonwealth would not create a duty to register").

As we discussed above, the external approach of the plain language of § 29-4003(1)(a)(iv) requires registration in this state when the person was required to register as a sex offender in the other jurisdiction. This statute's registration requirement does not explicitly require a "conviction" in the other state, nor does it explicitly exclude from registration a juvenile adjudication in the other state. If the policy of Nebraska is to exclude registration when a person moves to Nebraska with a registration requirement in another state based on a juvenile adjudication, then our Legislature would need to make that decision and amend our statutes. As our statute now reads, we conclude § 29-4003(1)(a)(iv) requires registration based on a registration requirement from another state even if the requirement in the other state is based on a juvenile adjudication.

[11] In *Skaggs v. Nebraska State Patrol*, 282 Neb. 154, 804 N.W.2d 611 (2011), we held that a sex offender registrant's actual registration under another jurisdiction's law is conclusive evidence that the registrant was required to register within the meaning of § 29-4003(1)(a)(iv). Given *Skaggs* and our current holding, there was a sufficient factual basis in the instant case to accept the plea, because the basis set forth at the plea hearing showed that at the time Clemens entered Nebraska, he was required to register and actually was registered as a sex offender in Colorado. Under § 29-4003(1)(a)(iv), that registration requirement under Colorado law was all that was needed to establish that he was required to register in Nebraska under SORA. When the facts showed that Clemens failed to register in Nebraska within 3 working days as required by § 29-4004(1), a factual basis was established to find him guilty under § 29-4011(1) of an attempted violation of SORA.

For completeness, we note that there are issues we need not and do not address in this opinion. We are aware that there is some argument by Clemens that it would violate certain constitutional rights to require registration in Nebraska based on his Colorado juvenile adjudication. In this case, Clemens did not raise a constitutional challenge to § 29-4003(1)(a)(iv) in the district court and therefore did not preserve any such challenge for our review on appeal. In this regard, we also note that certain constitutional issues were raised in *A.W. by and through Doe v. State*, 865 F.3d 1014 (8th Cir. 2017), but not resolved, because of the Eighth Circuit's interpretation of SORA as not requiring registration in that case.

We also are aware that issues were raised in *A.W. by and through Doe, supra*, regarding whether it would be appropriate for Nebraska to make registration information public when the person is required to register in Nebraska based on a juvenile adjudication in another state and the person would not have been subject to public disclosure in the other state. For purposes of the present case, our decision is limited to whether

there was a factual basis to support Clemens' plea to attempted violation of SORA. We determined that Clemens was required to register under SORA; however, whether the State may make certain information public after a person has registered is a separate issue from whether the person is required to register, and the public disclosure question is not at issue in this case. Similarly, issues regarding the length of time one may be required to register in Nebraska based on a registration requirement from another state are outside the scope of this decision.

## CONCLUSION

We read SORA's § 29-4003(1)(a)(iv) to require registration in Nebraska where an individual is required to register in another village, town, city, state, territory, commonwealth, or other jurisdiction of the United States, regardless of whether the registration in the other jurisdiction is based on a juvenile adjudication. Based on our interpretation of § 29-4003(1)(a)(iv), we determine that there was a sufficient factual basis for Clemens' plea to attempted violation of SORA, and we reject his claim that the plea was not made understandingly and voluntarily. We therefore find no error in the district court's acceptance of Clemens' plea or the sentence imposed upon him. Accordingly, we affirm Clemens' conviction and sentence.

AFFIRMED.