Papik, J., concurring.
 

 I agree with the court's determination that the district court was not required to make special written findings under
 
 Neb. Rev. Stat. § 43-2932
 
 (Reissue 2016) because the record did not show that Caleb
 committed domestic intimate partner abuse. While the court reaches that conclusion by finding a lack of evidence that a slap caused bodily injury or was an attempt to cause bodily injury, I write separately to note that I would reach the same conclusion via a different route.
 

 As the court points out, domestic intimate partner abuse is defined by
 
 Neb. Rev. Stat. § 43-2922
 
 (8) (Reissue 2016) as follows:
 

 [A]n act of abuse as defined in section 42-903 and a pattern or history of abuse evidenced by one or more of the following acts: Physical or sexual assault, threats of physical assault or sexual assault, stalking, harassment, mental cruelty, emotional abuse, intimidation, isolation, economic abuse, or coercion against any current or past intimate partner, or an abuser using a child to establish or maintain power and control over any current or past intimate partner, and, when they contribute to the coercion or intimidation of an intimate partner, acts of child abuse or neglect or threats of such acts, cruel mistreatment or cruel neglect of an animal as defined in section 28-1008, or threats of such acts, and other acts of abuse, assault, or harassment, or threats of such acts against other family or household members.
 

 The court suggests that a single act of abuse under
 
 Neb. Rev. Stat. § 42-903
 
 (Reissue 2016) might qualify as domestic intimate partner abuse under one possible interpretation of this definition. While the court does acknowledge that this is not the most logical reading, I would go further and hold that the text cannot be interpreted in this way.
 

 The definition of domestic intimate partner abuse has two elements separated by the word "and." § 43-2922(8). The first element is an act of abuse under § 42-903. The second element is a "pattern or history of abuse." § 43-2922(8). The statute goes on to provide that the second element, the pattern or history of abuse, must be evidenced by "one or more" of a number of enumerated acts, some of which again include the word "abuse."
 

 Id.
 

 If, however, a single instance of abuse could count as the act of abuse for the first element and establish the requisite pattern or history, the pattern or history element of the statute would serve no purpose. This runs counter to our practice of giving effect to all parts of a statute and rejecting interpretations that would render parts of the statute superfluous. See
 
 State v. Clemens
 
 ,
 
 300 Neb. 601
 
 ,
 
 915 N.W.2d 550
 
 (2018).
 

 I can see only one way that this statute could be interpreted to allow for a single instance of abuse to satisfy the definition: to give the word "and" separating the two elements of the definition discussed above a disjunctive rather than conjunctive meaning. See § 43-2922(8). We do have some precedent for departing from the ordinary, grammatical meaning of "and" and "or" in some cases. We have said that we may do so where "a strict reading would lead to an absurd or unreasonable result and defeat the intent of the statute." See, e.g.,
 
 Hoiengs v. County of Adams
 
 ,
 
 245 Neb. 877
 
 , 900-01,
 
 516 N.W.2d 223
 
 , 240 (1994).
 

 I have some questions about how judges are to go about determining that a particular policy result is absurd or unreasonable given that it is the Legislature's function to declare public policy rather than ours. See, e.g.,
 
 Mays v. Midnite Dreams
 
 ,
 
 300 Neb. 485
 
 ,
 
 915 N.W.2d 71
 
 (2018). See, also, John F. Manning,
 
 The Absurdity Doctrine
 
 ,
 
 116 Harv. L. Rev. 2387
 
 (2003). It seems to me that this practice can be squared with the judiciary's role in a system of separated powers only if it is limited to instances
 in which the result of applying the grammatical meaning of the text is so bizarre that the Legislature
 could not possibly have intended it. See Antonin Scalia & Bryan Garner, Reading Law: The Interpretation of Legal Texts 237-38 (2012).
 

 I cannot say that the result reached by interpreting this statute to mean what it says meets this test. While there are undoubtedly policy arguments for imposing the additional parenting plan requirements of § 43-2932 even when there has been a single act of abuse, it is not unthinkable that the Legislature would require both an act of abuse and a pattern or history before imposing these requirements. Drawing the precise line at which these requirements apply strikes me as a matter of legislative judgment, which is subject to reconsideration not by this court, but, if it so chooses, by the Legislature.
 

 Because I do not understand the requirements of § 43-2932 to be triggered by a single act of abuse, I do not believe the statute applied in this case. There was evidence that Caleb slapped Marissa, but Marissa has not shown us additional evidence sufficient to demonstrate a pattern or history. I would affirm the decision of the district court on this basis.