IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. DRIVER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

DAVID F. DRIVER, APPELLANT.

Filed February 23, 2021.    No. A-20-421.

Appeal from the District Court for Hall County: ANDREW C. BUTLER, Judge. Affirmed.

Hunter A. H. Campbell for appellant.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

PIRTLE, Chief Judge, and RIEDMANN and ARTERBURN, Judges.

PIRTLE, Chief Judge.

## I. INTRODUCTION

David F. Driver appeals from his plea-based convictions and sentences in the district court for Hall County for false imprisonment, domestic assault, and kidnapping. He argues that the district court erred in accepting his pleas and in imposing excessive sentences. He also argues that he received ineffective assistance of counsel. For the reasons that follow, we affirm.

## II. BACKGROUND

The State charged Driver in a nine-count information with two counts of first degree false imprisonment, one count of child abuse, one count of third degree domestic assault, two counts of terroristic threats, one count of obstructing a police officer, one count of witness tampering, and one count of kidnapping. The charges all stemmed from a single incident involving Driver's girlfriend and their 3-year-old daughter.

- 1 -

On March 24, 2020, pursuant to a plea agreement, the State filed an amended information dismissing six of the nine counts. The remaining counts were first degree false imprisonment, a Class IIIA felony; third degree domestic assault, a Class I misdemeanor; and kidnapping, a Class II felony. Driver agreed to plead no contest to the amended charges at a hearing the same day.

At the plea hearing, before accepting Driver's no contest pleas, the district court advised him that he was giving up certain constitutional rights by entering a plea, which included the right to confront witnesses against him, the right to a jury trial, and the privilege against self-incrimination. The court also advised Driver that he had the right to be represented by an attorney at all stages of a criminal proceeding. Driver stated that he understood the rights he was giving up as well as the charges against him and the range of possible penalties. Driver indicated to the court that he was satisfied with his attorney's representation of him. The State then provided the following factual basis to support Driver's no contest pleas:

Your Honor, on June 26th of 2019, officers of the Grand Island Police Department responded to [a residence] regarding the report of a female screaming.

They made contact with [D.C.], who advised her boyfriend, David Driver, had punched and scratched her face when they were in their vehicle having a fight. He would not let her out of the vehicle, held on to her shirt, and she only escaped by slipping out of her shirt to exit the vehicle. Officers saw injuries to her face consistent with what she had told them.

[Driver] was in the home with the door shut, sending text messages to [D.C.] while she spoke with police. The text messages were threatening in nature.

The Tactical Response Team arrived. The police attempted negotiations with [Driver] to exit the home and release A.D., their three-year-old child, to them, but he would not cooperate, telling the police they would have to come in and get him. Officers told him that it would be safer for A.D. to be outside with her mother. He refused to let her go.

Several times Mr. Driver's through the home of the held A.D. in front of him concealing himself behind her [sic]. The child with the initials A.D. appeared to be very scared. At one point in the negotiations it was decided to discharge a .40-millimeter impact round into the upper-right portion of the bedroom door to gain [Driver's] attention.

After [Driver] -- afterward, [Driver] texted [D.C.] saying, "You shot a bullet through the bedroom door knowing your daughter is in here? You better get this cleared up and them out of here. This is your last fucking chance."

Attempts at negotiations lasted approximately four hours. A decision was made to breach the bedroom where [Driver] was with the three-year-old. When the door was breached, [Driver] was lying in bed holding the three-year-old in front of him between him and the officers. The child was crying and upset and speaking about how she loved her mother.

Officers asked if he would let her go, and A.D. tried to get away from him. [Driver] continued to hold her in front of his chest placing her between himself and the officers. Officers again advised him it would be safer for her to leave the bedroom, but he refused to let her go.

The TRT team members reached the bedroom, obtained physical control [of Driver], and pried A.D. from his grip, removing her from the bedroom and getting her to safety.

The district court found that Driver's pleas were made freely, knowingly, intelligently, and voluntarily; and the court further found that there was a sufficient factual basis to support the pleas. The court accepted Driver's pleas and found him guilty on all three counts. The court ordered a presentence investigation and scheduled sentencing.

Sentencing was held on May 19, 2020. The district court sentenced Driver to a term of 35 to 36 months' imprisonment on the count of first degree false imprisonment; 11 to 12 months' imprisonment on the count of third degree domestic assault; and 18 to 24 years' imprisonment on the count of kidnapping. All three sentences were ordered to run concurrently to one another, and Driver was given credit for 329 days of time served. This appeal followed.

## III. ASSIGNMENTS OF ERROR

Restated, Driver assigns that he received ineffective assistance of trial counsel (1) when his counsel failed to discuss with him the strength of the State's evidence and (2) when his counsel's advice to accept the plea agreement fell below the range of competence demanded of attorneys in criminal cases. He also assigns that the district court abused its discretion in (3) finding that Driver's pleas were entered freely, voluntarily, knowingly, and intelligently; (4) finding that the State's factual basis was sufficient to support the kidnapping charge; and (5) imposing excessive sentences.

## IV. STANDARD OF REVIEW

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Theisen*, 306 Neb. 591, 946 N.W.2d 677 (2020).

A trial court is afforded discretion in deciding whether to accept guilty pleas, and an appellate court will reverse the trial court's determination only in the case of an abuse of discretion. *State v. Ettleman*, 303 Neb. 581, 930 N.W.2d 538 (2019).

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Manjikian*, 303 Neb. 100, 927 N.W.2d 48 (2019). A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving the litigant of a substantial right and denying just results in matters submitted for disposition. *Id.*

## V. ANALYSIS

### 1. INEFFECTIVE ASSISTANCE OF COUNSEL

Driver argues that his trial counsel provided ineffective assistance. Generally, a voluntary guilty plea or plea of no contest waives all defenses to a criminal charge. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). Thus, when a defendant pleads guilty or no contest, he or she is

limited to challenging whether the pleas were understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. *Id.*

Driver has different counsel on direct appeal than he did at trial. When a defendant's counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *Id.*

Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019). To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* In a plea context, whether an attorney's representation was deficient depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *State v. Blaha, supra*. When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id.* The two prongs of the ineffective assistance of counsel test under *Strickland* may be addressed in either order. *State v. Blaha, supra*.

Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal depends upon the sufficiency of the record to address the claim to determine whether a defense counsel's performance was deficient and whether the defendant was prejudiced by the alleged deficient performance. *State v. Theisen, supra*. The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id.*

Restated, Driver asserts that he received ineffective assistance of trial counsel (1) when his counsel failed to discuss with him the strength of the State's evidence and (2) when his counsel's advice to enter pleas of no contest fell below the range of competence demanded of attorneys in criminal cases.

(a) Failure to Discuss Evidence

Driver first assigns that he received ineffective assistance of counsel because his "trial counsel failed to discuss with Driver whether the State could prove beyond a reasonable doubt Driver kidnapped his daughter and whether the State could prove beyond a reasonable doubt Driver intended to kidnap his daughter." Brief for appellant at 6. He argues that the "[e]vidence in the case obligated a lawyer with ordinary training and skill to discuss with Driver controverted factual issues" underlying the State's case. *Id.* at 8. In his brief, Driver outlines the various ways in which the State's evidence was allegedly lacking and specifies the statutory elements of kidnapping that "the State would have been unlikely at trial to prove." *Id.*

We determine that the record before this court is insufficient to determine whether Driver received ineffective assistance of counsel with respect to this claim. At the plea hearing, the district

court informed Driver that he had the right to confront and cross-examine the witnesses against him and to present evidence on his own behalf and that by entering a plea of no contest, Driver was giving up those rights. However, the district court did not inquire whether Driver had discussed the evidence in this case with his counsel or whether they had discussed all possible defenses to the State's evidence. Aside from one generalized assertion that Driver was satisfied with his attorney's performance, the plea colloquy was silent on these matters. Therefore, we determine that the record is insufficient for this court to review this claim.

### (b) Advice to Enter Pleas

Driver next assigns that his trial counsel rendered ineffective assistance in advising him to accept the State's plea agreement. Driver's arguments with respect to this assigned error are largely the same as his arguments above. He claims that his "[t]rial counsel did not enable Driver to make an adequate assessment of the proposed plea agreement because trial counsel failed to identify evidence critical to proving Driver's innocence. Therefore, trial counsel could not offer competent advice to Driver." Brief for appellant at 16. Driver details in his brief the State's potential evidence at trial and its alleged insufficiencies.

We note that trial counsel is afforded due deference to formulate strategy and tactics, and an appellate court does not second-guess trial counsel's reasonable strategic decisions when reviewing claims of ineffective assistance of trial counsel. See *State v. Manjikian*, 303 Neb. 100, 927 N.W.2d 48 (2019). At the sentencing hearing, Driver's trial counsel stated that he did not believe that the evidence in the case "amount[ed] to what the Legislature intended with a charge of kidnapping." However, counsel stated that he had recommended that Driver accept the plea agreement rather than go to trial because of the risk that Driver, "if convicted, never would be released from prison." Therefore, the record demonstrates that Driver's counsel gave him sound strategic advice intended to minimize the amount of prison time Driver might be subjected to if convicted on all nine counts of the original information. Because the record demonstrates that Driver cannot prove that his counsel's performance was deficient, this claim of ineffective assistance of counsel fails.

### 2. SUFFICIENCY OF FACTUAL BASIS

Driver assigns that the district court abused its discretion in accepting his pleas. In two separate assignments of error, Driver claims that the district court erred in finding that his pleas were entered freely, voluntarily, knowingly, and intelligently; and in finding that the State's factual basis was sufficient to support the kidnapping charge. In his brief on appeal, Driver addresses these two related assignments together, and we do likewise in this opinion. Additionally, because Driver challenges the factual basis' sufficiency only as to the kidnapping charge, our analysis will not address the sufficiency of the factual basis as to the other two charges.

Driver argues that the State's factual basis "contained insufficient proof of the elements contained in the kidnapping statute." Brief for appellant at 22. He claims that the factual basis contained no "evidence proving Driver endangered the safety or threatened to endanger the safety of another human being" and that the factual basis did not support "the conclusion that Driver abducted his daughter." *Id.*

It has been held that the voluntary entry of a guilty plea or a plea of no contest waives every defense to a charge, whether the defense is procedural, statutory, or constitutional. *State v. Manjikian, supra*. However, to support a plea of guilty or no contest, the record must establish, *inter alia*, that there is a sufficient factual basis for the plea. *State v. Jenkins*, 303 Neb. 676, 931 N.W.2d 851 (2019). A sufficient factual basis is a requirement for finding that a plea was entered into understandingly and voluntarily. *State v. Wilkinson*, 293 Neb. 876, 881 N.W.2d 850 (2016); *State v. Ettleman*, 303 Neb. 581, 930 N.W.2d 538 (2019). The court in *Wilkinson* made it clear that a defendant does not waive a challenge to the factual basis by entering a plea, because a sufficient factual basis is a prerequisite for a judicial finding that the plea was entered into understandingly and voluntarily. See, also, *State v. Clemens*, 300 Neb. 601, 915 N.W.2d 550 (2018); *State v. Schiesser*, 24 Neb. App. 407, 888 N.W.2d 736 (2016).

To determine whether a sufficient factual basis existed to support Driver's no contest plea to the kidnapping charge, we must identify the elements of the statute under which Driver was convicted and determine whether the factual basis meets those elements. Driver was convicted of kidnapping in violation of Neb. Rev. Stat. § 28-313 (Reissue 2016), which provides in relevant part:

(1) A person commits kidnapping if he abducts another or, having abducted another, continues to restrain him with the intent to do the following:
(a) Hold him for ransom or reward; or
(b) Use him as a shield or hostage; or
(c) Terrorize him or a third person; or
(d) Commit a felony; or
(e) Interfere with the performance of any government or political function.

Neb. Rev. Stat. § 28-312 (Reissue 2016) provides definitions for specific terms found in § 28-313 as follows:

(1) Restrain shall mean to restrict a person's movement in such a manner as to interfere substantially with his liberty;
(a) By means of force, threat, or deception; or
(b) If the person is under the age of eighteen or incompetent, without the consent of the relative, person, or institution having lawful custody of him; and
(2) Abduct shall mean to restrain a person with intent to prevent his liberation by:
(a) Secreting or holding him in a place where he is not likely to be found; or
(b) Endangering or threatening to endanger the safety of any human being.

First, we determine that the factual basis contained facts which supported a finding that Driver abducted A.D.--specifically, that he restrained her by means "of force, threat, or deception" with the intent to prevent her liberation by endangering or threatening to endanger her safety or the safety of law enforcement officers. See § 28-312. The factual basis showed that when officers arrived at the scene, Driver retreated inside his house and physically held A.D., refusing to let her exit the residence even when she appeared frightened and when police requested that she be returned to her mother. At one point, A.D. attempted to get away from Driver, but he prevented

her from doing so. Throughout this 4-hour period, there were fears that both A.D. and law enforcement could be in danger as a result of Driver's actions. Therefore, the factual basis was sufficient to demonstrate that Driver abducted A.D.

Second, we determine that the factual basis supported a finding that, having abducted A.D., Driver continued to restrain her with the intent to use her as a shield or hostage. See § 28-313(1)(b). The factual basis reflects that during the four hours that Driver kept A.D. with him inside the residence, Driver would walk around while holding A.D. in front of him, concealing himself behind her. When officers later breached the home, they found Driver in bed while he held a crying A.D. between himself and the police.

After considering the record, we find there was a sufficient factual basis to meet the elements of kidnapping under § 28-313. We conclude that the district court did not err either in finding that the factual basis was sufficient or in finding that Driver understandingly and voluntarily entered his plea. The district court did not abuse its discretion in accepting Driver's no contest pleas. This argument fails.

### 3. EXCESSIVE SENTENCES

Driver assigns that the district court abused its discretion in imposing excessive sentences. Driver was convicted of first degree false imprisonment in violation of Neb. Rev. Stat. § 28-314 (Reissue 2016), a Class IIIA felony; third degree domestic assault in violation of Neb. Rev. Stat. § 28-323(1) (Reissue 2016), a Class I misdemeanor; and kidnapping in violation of § 28-313, a Class II felony. A Class IIIA felony does not have a minimum sentence for imprisonment and carries a maximum penalty of up to 3 years' imprisonment, a fine of $10,000, or both. Neb. Rev. Stat. § 28-105 (Reissue 2016). A Class I misdemeanor does not have a minimum sentence for imprisonment and carries a maximum penalty of up to 1 year's imprisonment, a fine of $1,000, or both. Neb. Rev. Stat. § 28-106 (Reissue 2016). A Class II felony carries a potential penalty of 1 to 50 years' imprisonment. § 28-105.

Driver was sentenced to a term of 35 to 36 months' imprisonment on the count of first degree false imprisonment; 11 to 12 months' imprisonment on the count of third degree domestic assault; and 18 to 24 years' imprisonment on the count of kidnapping. These sentences are all within the statutory limits.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Smith*, 302 Neb. 154, 922 N.W.2d 444 (2019). In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observations of the defendant's demeanor and attitude and all the fact and circumstances surrounding the defendant's life. *Id.*

Because the sentences were within the statutory limits, the question is whether the district court abused its discretion. Driver argues that the district court "based its sentence on elements of Driver's criminal record that were not factual." Brief for appellant at 24. During its sentencing remarks, the court stated that Driver had been previously convicted of domestic charges and had also been convicted of grand larceny. Driver then told the court that the domestic violence charge had been dropped and that he had "no idea what [grand larceny] even is."

The criminal history contained within the presentence investigation report (PSR) shows that certain 2007 domestic violence charges against Driver had an "unknown" disposition. The PSR also reflects that Driver was charged with, but not convicted of, grand larceny in 2002. In that case, Driver was convicted of related charges, and he was ultimately sentenced to a term of imprisonment. Driver is correct that there may have been some "confusion" on the part of the district court as to these two charges. Brief for appellant at 24. However, Driver's criminal history does indicate that he previously served three prison terms and that he had been placed on probation twice, although both probation terms were revoked. The PSR shows that Driver had convictions for forgery, shoplifting, disorderly conduct, and for assault and battery. Considering this, we do not think the district court's conclusion that Driver's criminal history supported a sentence of incarceration was erroneous.

Driver further argues that the district court inappropriately "based its sentence on the threat Driver posed to his daughter, [A.D.]" even though "there was nothing in the evidence supporting the Court's concern about Driver's future treatment of his daughter." Brief for appellant at 24. During its sentencing comments, the district court stated: "My concern is your disregard for court orders and in your statement you did state that you would see your daughter, that nothing would stop you from doing that." This observation was in reference to a portion of Driver's PSR where he indicated to the probation officer that even if a judge ordered no contact between Driver and A.D., he would disregard the order. Therefore, Driver's assertion that there was no evidence regarding his future treatment of A.D. is refuted by the record.

Additionally, at the sentencing hearing the district court noted that Driver scored a 32 on the "Level of Service/Case Management Index" and was at a "high or very high" risk in six of the evaluated categories. The court found that Driver blamed the event on his victim, that he minimized the situation, and that he had accepted no responsibility for his actions.

The record reflects that the district court considered the appropriate factors in deciding Driver's sentences. There is no indication that the court considered any inappropriate factors in reaching its sentencing determination. Therefore, the sentences imposed by the district court do not constitute an abuse of discretion.

## VI. CONCLUSION

We conclude that the district court did not abuse its discretion in accepting Driver's pleas or in sentencing Driver to terms of imprisonment. We also conclude that Driver's claims of ineffective assistance of counsel fail or that the record is insufficient to resolve them on direct appeal. Accordingly, Driver's convictions and sentences are affirmed.

AFFIRMED.