# United States Court of Appeals

### For the Eighth Circuit

_____

No. 21-1680

_____

John Doe, I; John Doe, II,

*Plaintiffs - Appellants*,

John Doe, III,

*Plaintiff*,

John Doe, IV; John Doe, V,

*Plaintiffs - Appellants*.

v.

Doug Peterson, Attorney General of State of Nebraska in his official capacity;
John A. Bolduc, Superintendent of Law Enforcement and Public Safety for the
Nebraska State Patrol, in his official capacity

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: May 10, 2022
Filed: August 5, 2022

_____

Before COLLOTON, WOLLMAN, and SHEPHERD, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Nebraska requires persons who enter the State to register as sex offenders in Nebraska if they are obliged to register as sex offenders by another jurisdiction. This requirement applies to persons who committed their offenses as juveniles. Four Nebraska residents who committed sex offenses in other States as juveniles brought this action. They alleged that the registration requirement violated their rights to travel and to equal protection of the laws, because Nebraska does not impose a comparable requirement for persons who committed offenses as juveniles in Nebraska. The district court[*] concluded that the registration requirement did not implicate the sex offenders' right to travel, and that the requirement was rational and consistent with equal protection. We affirm.

I.

In 1996, Nebraska enacted the Sex Offender Registration Act, Neb. Rev. Stat. § 29-4001 *et seq.* In its current form, *see id.* §§ 29-4002, 29-4004, the Act requires registration of sex offenders who reside, work, or study in Nebraska, and fall into any of three categories: those who committed an enumerated offense in Nebraska, *id.* § 29-4003(1)(a)(i), (b)(i), (c)(i), (d)(i), those who committed an offense in another jurisdiction that is "substantially equivalent" to one of the registerable offenses, *id.* § 29-4003(1)(a)(ii), (b)(ii), (c)(ii), d(ii), or those who must register as a sex offender in another jurisdiction, *id.* § 29-4003(1)(a)(iv), (b)(iii). The third category, attributable to what we will call the "other-jurisdiction provision," is the primary focus of this litigation.

_____

[*]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

The Act's registration requirements do not apply to juveniles who are adjudicated delinquent in Nebraska's juvenile courts. 272 Neb. Admin. Code § 19-003.05C. The other-jurisdiction provision, however, does require an entrant to register as a sex offender in Nebraska even if his registration "requirement in the other state is based on a juvenile adjudication." *State v. Clemens*, 915 N.W.2d 550, 559 (Neb. 2018).

The appellants in this case, four John Does, are sex offenders who moved to Nebraska after committing offenses as juveniles in other jurisdictions. Each was adjudicated delinquent in another State and required to register as a sex offender under the law of that State. Based on the other-jurisdiction provision, the State Patrol will require the Does to register as sex offenders in Nebraska.

In an effort to avoid registration in Nebraska, the Does sued the state attorney general and the superintendent of the Nebraska State Patrol in their official capacities under 42 U.S.C. § 1983. The Does asserted that the other-jurisdiction provision, as applied, violated their rights to travel and to equal protection of the laws. The district court granted summary judgment for the State. We review the court's decision *de novo*.

II.

The Does first assert that the other-jurisdiction provision unconstitutionally burdens their right to travel. As travelers from other States who elected to become permanent residents of Nebraska, they assert a right under the Privileges or Immunities Clause of the Fourteenth Amendment to be treated like other citizens of Nebraska. *See Saenz v. Roe*, 526 U.S. 489, 500 (1999).

In *Hope v. Commissioner of Indiana Department of Corrections*, 9 F.4th 513 (7th Cir. 2021) (en banc), the Seventh Circuit held that a comparable other-

jurisdiction provision in Indiana's Sex Offender Registration Act did not violate the right to travel, even though an Indiana offender was not required to register. *Id.* at 525-26, 528. The court observed that the right to travel may apply to defeat either a durational-residency requirement that temporarily limits a new arrival's access to some privilege or immunity, or a fixed-point residency restriction that permanently distinguishes between groups of residents based on when they achieved residency in the jurisdiction. *Id.* at 525, 527. But the court ruled that because the "trigger" that required an offender to register in Indiana was the obligation to register in another jurisdiction, not the duration or timing of his residency in Indiana, the disputed provision was "neither a durational-residency requirement nor a true, fixed-point residency scheme." Accordingly, the Indiana provision did not offend the right to travel. *Id.* at 526.

Nebraska's other-jurisdiction provision, like Indiana's, does not discriminate based on residency. The provision requires an entrant to register in Nebraska if he is obliged to register as a sex offender by another jurisdiction. Neb. Rev. Stat. § 29-4003(1)(a)(iv), (b)(iii). The requirement is not based on how long a person has resided in Nebraska or on whether the person ever resided outside Nebraska. The statute applies both to new arrivals and to lifelong Nebraska residents who commit a sex offense while temporarily outside the State. *See Skaggs v. Neb. State Patrol*, 804 N.W.2d 611, 615 (Neb. 2011). As in *Hope*, the registration requirement in Nebraska is triggered because the Does are required to register in another jurisdiction, not because they changed their residencies from another State to Nebraska.

Although there may be a correlation between a registration obligation in another State and a change in residence, the correlation is imperfect: some lifelong Nebraskans may be required to register in other States and thus in Nebraska; some new arrivals who were adjudicated delinquent in another jurisdiction may not be required to register in Nebraska if the other jurisdiction does not require it. The

registration requirement may well affect new residents more frequently, but a State does not violate the right to travel by regulating in a way that causes a disparate impact alone. "The right to travel simply is not implicated when there is no discrimination based on the duration of one's residency." *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 215 (3d Cir. 2013). The other-jurisdiction provision does not discriminate in that way, and the district court correctly dismissed the claims asserting an abridgment of the right to travel.

## III.

The Does next assert that Nebraska's other-jurisdiction provision violates the Equal Protection Clause, because the statute treats them differently than sex offenders who are adjudicated delinquent in Nebraska's juvenile courts. A classification that neither implicates a fundamental right nor involves a suspect class of persons is constitutional if it is supported by a rational basis. *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993). "This standard of review is a paradigm of judicial restraint," and "is not a license for courts to judge the wisdom, fairness, or logic of legislative choices." *Id.* at 313-14. A court must uphold a classification so long as it is rationally related to any conceivable, legitimate state purpose. *Birchansky v. Clabaugh*, 955 F.3d 751, 757 (8th Cir. 2020).

Nebraska has a legitimate interest in public safety and in limiting the number of potentially dangerous sex offenders who can avoid its registry. In furtherance of this interest, Nebraska requires offenders who must register in another State to register in Nebraska. The Does complain that Nebraska irrationally requires registration of juvenile delinquents from other States while it requires Nebraska offenders to register only if they are tried as adults. In making that distinction, however, Nebraska permissibly decided that its own process for sorting juvenile offenders between juvenile and adult courts is a satisfactory means for determining

-5-

which offenders present enough risk to warrant registration, while it declined to rely on the same sorting process for offenders from other jurisdictions. Given the varying criteria among the States for charging offenders as adults, and Nebraska's lack of control over the processes of other jurisdictions, the State rationally could err on the side of safety and look instead to whether another jurisdiction has concluded that the offender should be registered.

Nebraska also may permissibly consider the administrative burdens of adopting a different registration scheme. *Weinberger v. Salfi*, 422 U.S. 749, 784 (1975). In addition to requiring registration of offenders who are required to register in another jurisdiction, Nebraska has elected to register anyone who committed an offense that is "substantially equivalent" to an offense that requires registration in Nebraska, even if the offender is not obliged to register in another State. *See* Neb. Rev. Stat. § 29-4003(1)(a)(ii), (b)(ii), (c)(ii), (d)(ii). The Does suggest that Nebraska should be required to conduct a "substantial equivalence" analysis for offenders who *are* required to register in another jurisdiction, and to eliminate the registration requirement for those whose offenses are not substantially equivalent to a Nebraska registration offense. But in opting to perform an intensive "substantial equivalence" inquiry only for offenders who are not required to register in another jurisdiction, the State permissibly chose to limit the resources devoted to individualized consideration. *See Weinberger*, 422 U.S. at 784. And in selecting which offenders to examine individually, the State permissibly opted to focus on ensuring that higher-risk offenders would be registered while allowing the possibility that some lower-risk offenders also would be registered. The problems of governance often justify "rough accommodations," and classifications need not be "made with mathematical nicety." *Dandridge v. Williams*, 397 U.S. 471, 485 (1970) (internal quotation omitted).

As the district court observed, the other-jurisdiction provision also could be justified as a measure to further national policy. In 2006, Congress enacted the

federal Sex Offender Registration and Notification Act, which sought to establish "a comprehensive national system" for registering sex offenders. 34 U.S.C. § 20901. Nebraska's other-jurisdiction provision closed a loophole that could be exploited by sex offenders seeking to exclude information from state and federal registries by relocating to Nebraska. Nebraska is hardly a full-throated champion for the more demanding federal standard, given that it allows all Nebraska juvenile delinquents to avoid registration. *See id.* § 20911(8). But a "law need not be in every respect logically consistent with its aims to be constitutional," *Williamson v. Lee Optical of Okla., Inc.*, 348 U.S. 483, 487-88 (1955), and we cannot say that a legislative decision to further a legitimate policy interest in a less than fulsome way is irrational and unconstitutional.

\* \* \*

The judgment of the district court is affirmed.

_____